James Albert BUCHANAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00242–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 5, 2001.

Decided Dec. 11, 2001.

---

Ebb B. Mobley, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

James Buchanan pleaded no contest, as part of a plea bargaining agreement, to the offense of injury to a child. The punishment range was enhanced by a prior felony conviction. The trial court deferred a finding of guilt and placed Buchanan on ten years' community supervision. Over the next eleven months, the trial court twice modified the terms of Buchanan's community supervision in response to motions from the State.

About a month after the trial court entered its second modification order, the State filed a motion to proceed to an adjudication of guilt, alleging that Buchanan committed eleven violations of the terms of his community supervision. At the hearing, the State abandoned two of its allegations. Buchanan pleaded true to seven of the allegations and not true to two of the allegations. In its judgment, the trial court found six of the State's allegations true, found Buchanan guilty of injury to a child, and sentenced him to fifteen years' imprisonment.

On appeal, Buchanan contends the trial court erred in failing to order preparation of a presentence investigation (PSI) report. He also contends his fifteen-year sentence is disproportionate to the offense. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (Vernon Supp.2001) provides as follows:

> Except as provided by Subsection (g) of this section, before the imposition of sentence by a judge in a felony case . . .

the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(g) (Vernon Supp.2001) provides:

> Unless requested by the defendant, a judge is not required to direct an officer to prepare a presentence report in a felony case under this section if: (1) punishment is to be assessed by a jury; (2) the defendant is convicted of or enters a plea of guilty or nolo contendere to capital murder; (3) the only available punishment is imprisonment; or (4) the judge is informed that a plea bargain agreement exists, under which the defendant agrees to a punishment of imprisonment, and the judge intends to follow the agreement.

In *Whitelaw v. State,* 29 S.W.3d 129, 129 (Tex.Crim.App.2000), the Texas Court of Criminal Appeals unanimously held that the trial court must order preparation of a PSI report in a felony case when the defendant requests one. In so holding, the court disapproved of cases holding that the trial court has discretion in such cases to order preparation of a PSI report. *Id.* at 134 (disapproving of *Stancliff v. State,* 852 S.W.2d 639, 640 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd), and *Turcio v. State,* 791 S.W.2d 188, 191 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd)).

■ As the language of Article 42.12, § 9 provides and *Whitelaw* makes clear, the general rule is that the trial court must order a PSI report unless the exceptions in Section 9(g) apply. Even then, if the defendant requests a PSI report, the trial court must order that one be prepared. *Whitelaw v. State,* 29 S.W.3d at 132.

In this case, neither Subsection 1 nor Subsection 2 of Article 42.12, § 9(g) applies to Buchanan. His punishment was not set by a jury, and he was not convicted of, nor did he plead guilty or no contest to, capital murder. Subsection 3 also does not apply because Buchanan remained eligible for community supervision after the trial court found him guilty of injury to a child. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp. 2001). Subsection 4 does not apply because a plea bargaining agreement "under which the defendant agrees to a punishment of imprisonment" did not exist. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(g)(4). Thus, the trial court was required to order preparation of a PSI report.

■ Error in failing to order the preparation of a PSI report is subject to a review for harm.[1] *See Whitelaw v. State,*

---

1. Buchanan contends that in *Jackson v. State,* 989 S.W.2d 842, 846–47 (Tex.App.—Texarkana 1999, no pet.), this Court imposed a requirement that an appellant show harm from the omission of a PSI report. He further contends that *Whitelaw v. State,* 29 S.W.3d 129 (Tex.Crim.App.2000), overruled *Jackson* sub silentio.

In *Jackson,* the trial court reviewed a PSI report before placing the defendant on deferred adjudication community supervision. *Jackson v. State,* 989 S.W.2d at 843. On

29 S.W.3d at 132. Nonconstitutional error is harmless if it did not affect the defendant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997). If, on the record as a whole, it appears the error did not influence the verdict, or had but a slight effect, we must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

As mentioned previously, a PSI report contains information about the circumstances of the offense, the amount of restitution necessary, the criminal and social history of the defendant, any other information relating to the defendant or the offense that is requested by the judge, and a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(a).

■ The record shows that Buchanan and his wife testified at the hearing. The same judge presided at Buchanan's trial, ordered two modifications to the terms of his community supervision, and adjudicated him guilty. Thus, the trial court was familiar with Buchanan, the circumstances of the underlying offense, and the terms of community supervision available for Buchanan. On appeal, Buchanan does not point to or even argue that there was any information unavailable to the trial court that would have been included in a PSI report. Under these circumstances, we conclude that the trial court's error in failing to order the preparation of a PSI report had no effect on the punishment assessed and is harmless.

■ Moreover, the error in failing to order a PSI report is waived if the defendant fails to object to the failure or bring the failure to the trial court's attention. *See Summers v. State*, 942 S.W.2d 695 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Wright v. State*, 873 S.W.2d 77 (Tex. App.—Dallas 1994, pet. ref'd). Here, Buchanan did not object to the trial court's failure to order a PSI report or bring it to the trial court's attention either at the hearing or in his motion for new trial. Thus, he waived any complaint.

■ Buchanan next contends his fifteen-year sentence is disproportionate to his offense. Buchanan was convicted of injury to a child which, under the facts of this case, is a third-degree felony. TEX. PEN.CODE ANN. § 22.04(f) (Vernon Supp.

---

appeal from the revocation of his community supervision, the defendant complained because the court reporter was unable to provide a copy of the PSI report. *Id.* at 846. This Court held that the defendant failed to preserve any substantive basis for affording him a new punishment hearing, but that even if he did, he did not show under TEX.R.APP. P. 34.6(f)(3) that the PSI report was necessary to resolve the appeal. *Id.* at 846–47. We noted that the trial court relied on the PSI report in placing the defendant on deferred adjudication community supervision, but did not rely on it in assessing his punishment after revoking his community supervision. *Id.* at 847.

Thus, the basis for our language in *Jackson* was the substantive requirement of TEX.R.APP. P. 34.6(f)(3). We did not say that the defendant must show harm from the failure of the trial court to order preparation of a PSI report. Nevertheless, *Whitelaw* itself indicates that a court of appeals must conduct a harm analysis when the trial court fails to order a PSI report. *Whitelaw v. State*, 29 S.W.3d at 132. This is not to say that the defendant has the burden of showing harm, only that harm must appear from the record. *See Johnson v. State*, 43 S.W.3d 1, 4 (Tex.Crim.App.2001) ("[N]o burden to show harm should be placed on the defendant who appeals.").

2001). The punishment range was enhanced to a second-degree felony because of Buchanan's prior felony conviction. TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2001). A second-degree felony is punishable by imprisonment for between two and twenty years. TEX. PEN.CODE ANN. § 12.33(a) (Vernon 1994). Thus, Buchanan's fifteen-year sentence is five years below the maximum allowable punishment.

■ Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim.App.1973). However, in *Jackson v. State,* 989 S.W.2d 842, 845 (Tex.App.— Texarkana 1999, no pet.), we recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Latham v. State,* 20 S.W.3d 63, 69 (Tex.App.—Texarkana 2000, pet. ref'd).

■ Our proportionality analysis under the Eighth Amendment is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other offenders in the same jurisdiction; and (3) the sentences imposed for commission of the same offense in other jurisdictions. *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received by Buchanan to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992); *see also*

*Davis v. State,* 905 S.W.2d 655, 664–65 (Tex.App.—Texarkana 1995, pet. ref'd).

■ Buchanan did not present this issue to the trial court; therefore, it is not preserved for our review. TEX.R.APP. P. 33.1(a); *Jackson v. State,* 989 S.W.2d at 844. Even if Buchanan's contention was preserved, there is no evidence in the record comparing the sentences imposed on persons in Texas and in other jurisdictions who committed a similar offense. *See Latham v. State,* 20 S.W.3d at 69; *Davis v. State,* 905 S.W.2d at 664–65.

The judgment is affirmed.