In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00054-CR


______________________________




KYLE SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28317-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Kyle Smith has filed a notice of appeal from the revocation of his community supervision. 
The underlying conviction was for possession of a controlled substance, less than one gram of
cocaine. At the revocation proceeding, he pled true to allegations he had used cocaine while on
community supervision. The trial court assessed punishment at eighteen months in a state jail
facility. 

 We first address the State's contention by written motion that we have no jurisdiction over
the appeal. Our appellate jurisdiction has been invoked by the appellant's timely notice of appeal,
State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000), at least to the extent that we must
determine if we have jurisdiction over the merits of the appeal. State v. Roberts, 940 S.W.2d 655,
657 (Tex. Crim. App. 1996). We provided an opportunity for defense counsel to respond to the
State's motion, but no response has been filed. We therefore address the issue on the record before
this Court.

 Smith pled true to the revocation allegations on February 28, 2002. On that same date, he
also signed a written waiver of right to appeal, which was signed and approved by both the trial court
and Smith's counsel. (1)
 The record does not reflect the time at which Smith signed this waiver. A defendant in a noncapital case may waive any right secured him by law. Blanco v. State,
18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (citing Tex. Code Crim. Proc. Ann. art. 1.14(a)
(Vernon Supp. 2002)). When a defendant has bargained for a sentencing recommendation from the
prosecution in exchange for his waiver of the right to appeal, there is no compelling reason why he
should not be held to his bargain. Id. at 220. In the absence of a plea agreement, however, a
presentencing waiver of the right to appeal is unenforceable. Ex parte Thomas, 545 S.W.2d 469
(Tex. Crim. App. 1977). In this case, no plea agreement existed. 

 This matter is complicated by the fact the record is silent regarding whether the waiver of
appeal was signed before sentencing. The waiver document was never mentioned at the hearing;
Smith was not questioned about the waiver at the hearing; and when the State explained the reasons
why it was recommending six months less than the maximum sentence, the reasons given did not
include his written waiver of the right to file a motion for new trial or to appeal. Further, when asked
by the trial court whether he wanted to appeal, he responded by stating he did, and the court 
promptly (and properly) appointed counsel for the appeal. 

 We have scrutinized the reporter's record carefully, and there is no reference to the waiver. 
The State has provided this Court with no support for its position that the waiver is valid and
enforceable, and there is none in the record. This record does suggest that none of the parties was
even aware of the existence of the waiver, because none made any comment about the "waiver" when
Smith stated at the end of the proceeding he wished to appeal. Further, the State has neither argued
that the waiver was signed post-sentencing, nor provided this Court with anything to suggest the
waiver was signed after sentencing. 

 We conclude this record does not show the waiver was taken in a fashion that justifies
enforcement under either the cases addressing post-sentencing waiver or the cases addressing waiver
pursuant to a plea agreement. Neither is shown to exist in this case. In the absence of a plea
agreement, and in the absence of anything in the record showing the waiver was signed after
sentencing, we are not willing to extend the reasoning of Blanco to this situation. (2) The motion to
dismiss is overruled.

 We now turn to a review of Smith's appeal on its merits. 

 We first address Smith's contention the trial court erred by failing to order preparation of a
presentence investigation (PSI) report. As we held in Buchanan v. State, 68 S.W.3d 136, 139 (Tex.
App.-Texarkana 2001, no pet.), the general rule is the trial court must order a PSI report unless the
exceptions in Section 9(g) of the Texas Code of Criminal Procedure apply. Even then, if the
defendant requests a PSI report, the trial court must order one prepared. Whitelaw v. State, 29
S.W.3d 129, 132 (Tex. Crim. App. 2000). In Whitelaw, the Texas Court of Criminal Appeals
unanimously held that the trial court must order preparation of a PSI report in a felony case when
the defendant requests one. In so holding, the court disapproved of cases holding the trial court has
discretion in such cases to order preparation of a PSI report. Id. at 134; see Tex. Code Crim. Proc.
Ann. art. 42.12, § 9 (Vernon Supp. 2002).

 However, the error in failing to order a PSI report is waived if the defendant fails to object
to the failure or to bring the failure to the trial court's attention. Buchanan, 68 S.W.3d at 139; see
Summers v. State, 942 S.W.2d 695 (Tex. App.-Houston [14th Dist.] 1997, no pet.); Wright v. State,
873 S.W.2d 77 (Tex. App.-Dallas 1994, pet. ref'd). Here, as in Buchanan, counsel did not object
to the trial court's failure to order a PSI report or to bring it to the trial court's attention either at the
hearing or in his motion for new trial. This contention of error was not preserved for appellate
review.

 Smith also contends on appeal that, after revocation of his community supervision, the trial
court erred by sentencing him without a substance abuse evaluation.

 A substance  abuse  evaluation  is  required  by  Tex.  Code  Crim.  Proc.  Ann.  art.  42.12,
§ 9(h)(2). The statute provides that, when a judge determines "that alcohol or drug abuse may have
contributed to the commission of the offense, . . . the judge shall direct a supervision officer . . . to
conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for,
alcohol or drug rehabilitation for a defendant . . . ." Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h).

 This is obviously a drug-related crime, and the revocation was based on Smith's plea of true
to the use of cocaine while on community supervision. Even though the statute is mandatory in its
language, the right may be waived by a failure to object. Tex. R. App. P. 33.1; see Marin v. State,
851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

 Counsel did not complain at trial about the failure to conduct an evaluation. Accordingly,
the complaint has not been preserved for appellate review.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 26, 2002

Date Decided: October 25, 2002


Publish
1. The written waiver itself indicates on its face it was signed knowingly and voluntarily by
Smith after he had consulted with counsel, and it is signed by counsel, Smith, the trial court, and a
deputy district clerk. The document indicates Smith knowingly and intelligently waived his right
to appeal, and he has not raised any contention or argument before this Court that his waiver of that
right was coerced or involuntary, or that it should be disregarded for any other reason. 

2. Dorsey v. State, No. 06-01-00087-CR, 2002 WL 731127 (Tex. App.-Texarkana Apr. 26,
2002, no pet.); Clayburn v. State, 985 S.W.2d 624, 625 (Tex. App.-Waco 1999, no pet.); see Perez
v. State, 989 S.W.2d 427, 428 (Tex. App.-Dallas 1999, no pet.).