NUMBER
13-01-856-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

CRAIG
ANTHONY HART,                                                       Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

On
appeal from the 36th District Court of Aransas County, Texas

 

                                   O P I N I O N

 

           Before Chief Justice Valdez and
Justices Dorsey and Baird[1]

                                   Opinion
by Justice Baird     








Appellant was charged
by indictment with the offense of bail jumping. 
Tex. Pen.
Code Ann. ' 38.10 (Vernon 1994).  A jury convicted appellant of the charged
offense.  The trial judge assessed
punishment at five years confinement in the Texas Department of Criminal
Justice--Institutional Division.  We
affirm.

Appellant was
initially charged with felony theft and released on a bail bond in the amount
of $10,000.  The instant offense arose
when appellant failed to make a scheduled court appearance in the felony theft
case.  Appellant does not raise any
points of error stemming from the guilt phase of his trial.  Instead, appellant=s sole point of error
contends the punishment assessed by the trial judge is excessive and,
therefore, violative of the Eighth Amendment=s prohibition against cruel and unusual
punishments.

At the punishment
phase of appellant=s trial, trial counsel
requested that appellant not be released on community supervision, but rather
be assessed a term of confinement for two years.  Later, appellant stated that he was willing
to receive community supervision conditioned that inpatient drug treatment not
be a requirement, or two years confinement. 
The State recommended punishment be assessed at
five years confinement.  The trial judge
agreed, and assessed punishment accordingly. 
The trial judge gave appellant credit for forty-four days toward the
sentence, and did not impose a fine.








Appellant was
convicted of a third degree felony.  Tex. Pen. Code Ann. ' 38.10(f) (Vernon 1994).  The statutorily prescribed range of
punishment for such an offense is by imprisonment for any term of not more than
ten years or less than two years.  Tex. Pen. Code Ann. ' 12.24(a) (Vernon Supp. 2002).  In addition, a fine not to exceed $10,000 may
be imposed.  Id.
at '
12.24(b).  Even though the
sentence of five years is within the range of punishment, appellant argues the
punishment was excessive in light of appellant=s poor health B he suffers from Scleroderma and depression.  The State responds that as long as the
sentence is within the range of punishment, an Eighth Amendment challenge
cannot be successful.  It is true that
Texas courts have traditionally held that as long as the punishment is within
the range prescribed by the Legislature in a valid statute, the punishment is
not excessive, cruel, or unusual.  Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).

However, at least one
of our sister courts of appeals has recognized that an attack against grossly
disproportionate punishment may be successful under the Eighth Amendment even
when the punishment assessed is within the range established by the
Legislature.  Jackson v. State,
989 S.W.2d 842, 845 (Tex. App.BTexarkana 1999, no
pet.); Latham v. State, 20 S.W.3d 63, 69 (Tex. App.BTexarkana 2000, pet.
ref'd). Under this analysis three factors are considered:  (1) the gravity of the offense and the
harshness of the penalty; (2) the sentences imposed on other offenders in the
same jurisdiction; and (3) the sentences imposed for commission of the same
offense in other jurisdictions.  Solem v. Helm, 463 U.S. 277, 292 (1983).[2]









Under the first prong,
we find the following considerations to be important. Appellant and his counsel
both asked for a term of confinement. 
Their only argument now is that the term is greater than they requested.  Additionally, the presentence investigation
report, which was admitted into evidence, states the following:

The
defendant is a repeat felony offender who has an extensive criminal history in
the State of Connecticut.  Felony
convictions and prior commitments to the penitentiary in Connecticut classifies
the defendant as a high risk and need offender whose immediate return to the
community would be counterproductive to public safety.  The prognosis to complete a term of Community
Supervision is extremely poor given the defendant=s extensive criminal history and prior
revocations of community supervision granted in Connecticut.  The defendant=s history of failure to appear for court hearings
and two (2) revocations of community supervision support this prognosis.  It is therefore recommended the defendant be
confined in the Institutional Division of the Texas Department of Criminal
Justice.

Finally, we note the
trial judge gave appellant credit for the time spent in custody prior to being
sentenced, and did not impose a fine.  In
light of these considerations, we do not find the sentence of five years to be
harsh in the instant case.








Assuming arguendo that
we found the sentence was harsh in relation to the gravity of the offense, we
would still be required to consider the two remaining factors and compare the
sentence received by appellant to sentences for similar crimes in the same
jurisdiction, and to sentences for the same crime in foreign jurisdictions.  McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.1992). 
However, we could not address those factors because there is no evidence
comparing appellant=s sentence and those
of others in the same jurisdiction.  Buchanan
v. State, 68 S.W.3d 136, 141 (Tex. App.BTexarkana 2001, no
pet.).  Additionally, there is no
comparison between the sentences imposed in Texas and in other jurisdictions
for those who committed similar offenses. 
Id.  Therefore, we are
unable to hold the sentence imposed in the instant case violated the Eighth
Amendment.  Accordingly, appellant=s sole point of error
is overruled.

The judgment of the
trial court is affirmed.

 

                                                    

CHARLES
F. BAIRD

Justice

 

 

Do Not Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 12th
day of December, 2002.











[1] Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).





[2]  We note that the viability
and mode of application of proportionate analysis in non-death penalty cases is
currently in question.  See McGruder v.
Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the
various opinions issued in Harmelin v. Michigan, 501 U.S. 957 (1991) and their impact
on the Solem
decision). Assuming, without deciding, the viability of a proportionality
review, we consider appellant's claim of disproportionate punishment.