In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00190-CR


______________________________




KRISTEL KAREN HOCK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 13,658




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Kristel Karen Hock appeals from her revocation of community supervision for the underlying
offense of intoxication manslaughter. (1) Hock pleaded not true to the allegations contained in the
motion to revoke her community supervision. The trial court found that Hock had violated certain
conditions of her community supervision and sentenced her to seven years' imprisonment; Hock has
appealed.

 A chronological listing of the events in this case is as follows: (a) on April 25, 2004, Hock
was involved in an automobile collision which resulted in the death of Gregory Scott Brown; (b) in
August 2004, Hock was indicted for intoxication manslaughter with a vehicle as a result of the
collision; (c) on March 20, 2006, Hock entered a nolo contendere plea to the charge and elected to
submit the issue of punishment to the trial court; (d) on March 23, 2006, after a trial, Hock was
sentenced to ten years' imprisonment and a $5,000.00 fine but the sentence was probated and she was
placed on community supervision; (e) Hock gave birth to a son May 23, 2006; at that time, drug
screening procedures were performed on both Hock and her baby--both showed evidence of cocaine
in their systems; (f) a hearing to revoke Hock's community supervision was held, and the trial court
revoked the community supervision by order entered August 29, 2006, and ordered Hock to serve
seven years' imprisonment. It is this order from which Hock has appealed.

 Hock's first contention on appeal is that the trial court erred in sentencing her without a
substance abuse evaluation. 

 Article 42.12, Section 9(h)(2) of the Texas Code of Criminal Procedure provides:

 (h) On a determination by the judge that alcohol or drug abuse may have
contributed to the commission of the offense, . . . the judge shall direct a supervision
officer . . . to conduct an evaluation to determine the appropriateness of, and a course
of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report
that evaluation to the judge. The evaluation shall be made:


 . . . .


 (2) after conviction and before sentencing, if the judge assesses punishment
in the case.

Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h)(2) (Vernon 2006). The statute is mandatory. Smith
v. State, 91 S.W.3d 407, 409 (Tex. App.--Texarkana 2002, no pet.); Caster v. State, 87 S.W.3d 751,
752 (Tex. App.--Texarkana 2002, no pet.). The statute requires the trial court to order the
evaluation after it determines that alcohol or drug abuse may have contributed to the commission of
the offense. "The statute directs the trial judge to have the report prepared before the imposition of
the sentence. It also dictates that the report must contain a proposed plan for community supervision
in the event that the trial court suspends the defendant's sentence and places him on community
supervision." Griffith v. State, 166 S.W.3d 261, 264-65 (Tex. Crim. App. 2005). 

 Hock contends on appeal that no drug screening was conducted either when she was placed
on initial community supervision or before the revocation of her community supervision and alleges
that the trial court abused its discretion in failing to order a drug evaluation before sentencing her. 

 At the time that community supervision was imposed, no objection was made to the
imposition of sentence without a PSI report having been prepared and no appeal was prosecuted
from that action by the court. A timely objection or request is a prerequisite to presenting a matter
for appellate review. Tex. R. App. P. 33.1(a); see Barnett v. State, 189 S.W.3d 272 (Tex. Crim.
App. 2006). It is the burden of the parties to object to the trial court's failure to comply with a
statutory requirement. See Buchanan v. State, 68 S.W.3d 136, 139 (Tex. App.--Texarkana 2001,
no pet.). This Court has specifically held that a party must assert his right to a substance abuse
evaluation or it is waived. See Alberto v. State, 100 S.W.3d 528, 529 (Tex. App.--Texarkana 2003,
no pet.); Smith, 91 S.W.3d at 410; Caster, 87 S.W.3d at 752; see also Tex. R. App. P. 33.1(a). 

 In the absence of such an objection or request, we may not address the issue on appeal. The
contention of error is overruled.

 Hock further contends on appeal that the trial court erred in failing to order a new PSI report
at the time her community supervision was revoked. In Whitelaw v. State, 29 S.W.3d 129 (Tex.
Crim. App. 2000), the Texas Court of Criminal Appeals unanimously held that the trial court must
order preparation of a PSI report in a felony case unless the exceptions of Section 9(g) apply. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g) (Vernon 2006). Whitelaw went on to hold that, even
if the exceptions do apply, the trial court must order a PSI report prepared when requested by the
defendant. In so holding, the court disapproved of cases holding that the trial court has discretion
in such cases to order preparation of a PSI report. Id. at 132, 134.

 From a strict reading of the statute, we question whether a PSI report is available at the point
of revocation. Article 42.12, Section 9(a) specifies that one must be prepared "before the imposition
of sentence." Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon 2006). Technically, the
sentence has previously been pronounced and imposed after the finding of guilt, but the imposition
is then suspended when the defendant is placed on community supervision. Arguably, then, the
statute does not apply in this context and Hock was not entitled to a PSI report. The breadth of
Whitelaw and the strength of its language, however, suggest otherwise.

 However, we need not address that issue at this time because Hock neither objected to this
failure nor brought the failure to the trial court's attention at the revocation hearing or in her motion
for new trial. See Buchanan v. State, 68 S.W.3d 136, 140 (Tex. App.--Texarkana 2001, no pet.). 
An error in failing to order a PSI report is waived if a defendant fails to object to the failure or bring
the failure to the trial court's attention. Eddie v. State, 100 S.W.3d 437, 445 (Tex. App.--Texarkana
2003, pet. ref'd). 

 Here, as in Buchanan, counsel did not object to the trial court's failure to order a PSI report
or to bring it to the trial court's attention either at the hearing or in the motion for new trial. This
contention of error was not preserved for appellate review and is overruled.

 We reform the trial court's judgment to indicate the offense of "intoxication manslaughter." 
As reformed, we affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


Date Submitted: March 13, 2007

Date Decided: March 14, 2007


Do Not Publish

1. We note that the judgment nunc pro tunc indicates "intoxicated manslaughter" under
"Offense for which Defendant Convicted." Hock has requested in a footnote in her brief that this
Court reform the trial court's judgment to reflect "intoxication manslaughter." The correct section
of the Texas Penal Code is cited in the trial court's judgment, Tex. Penal Code Ann. § 49.08
(Vernon 2003). The judgment is reformed to reflect the offense of "intoxication manslaughter."