In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00146-CR


______________________________




EDDIE LEE MCROY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32977-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 On May 22, 2006, Eddie Lee McRoy, Jr., waived his right to a jury trial and pled guilty to
possessing more than five, but less than fifty, pounds of marihuana. See Tex. Health & Safety
Code Ann. § 481.121(b)(4) (Vernon 2003). The trial court then ordered the preparation of a
presentence investigation (PSI) report and rescheduled the case for trial on a later date. Apparently,
during his interview with the community supervision officer who prepared the PSI report, McRoy
admitted he had recently used marihuana. This admission was noted in the PSI report.

 McRoy subsequently waived his right to have a jury assess punishment and instead submitted
the issue to the trial court without the benefit of a negotiated plea agreement. The trial court assessed
McRoy's punishment at four years' imprisonment. 

 McRoy now appeals, raising a single point of error. He contends the trial court erred by
considering an admission contained in the PSI report that he had used marihuana during the
pendency of the underlying charge. 

 During the punishment hearing, McRoy did not object to the contents of the PSI report. 
McRoy did, however, acknowledge that the PSI report was being considered by the trial court in
determining an appropriate sentence. In fact, McRoy's counsel stated, "Your Honor, I know the pre-sentence report is before the Court as well as all other documents. We have nothing to add beyond
what's already before the Court." In his closing argument, McRoy's counsel made several references
to the PSI report, including pointing out that McRoy had a stable job as a mechanic and that he is
supporting a wife and three children. 

 In pronouncing sentence, the trial court revealed its rationale for not granting probation:

 Yes, he [McRoy] has a job in Mississippi. That's good. He's got children,
young children. That's good. But what's bad? The bad is the Mississippi matter. 
Two years of unsupervised probation. What's worse? The crime that he committed,
serious crime. Trying to bring dope through your county and my county.


 But what dictates even more strongly against granting probation, and I
considered probation, I'm going to reject it, because what I saw on that pre-sentence,
it has to do with using marijuana.


 On the 14th day of May, 2006, some two weeks before he was scheduled to
come and be tried on this indictment, did he learn his lesson about the consequences
that flow from illegal conduct? No. Because he committed a new crime. I'm sure
wherever that marijuana was consumed it was a crime. That's not the type of person
that ought to be placed on probation and I'm not going to do it; that's pure and simple. 


 McRoy did not object to the trial court's comment about McRoy's using marihuana eight days
before this hearing. Nor did McRoy object to either the PSI report's contents or the trial court's
consideration  of  the  same  during  the  sentencing  hearing.  See  Tex.  Code  Crim.  Proc.  Ann.
art. 42.12, § 9(e) (Vernon Supp. 2006) ("judge shall allow the defendant or his attorney to comment
on a presentence investigation report and, with the approval of the judge, introduce testimony or
other information alleging a factual inaccuracy in the investigation or report"). 

 It is well settled that an appellant can waive error if he or she does not object to the trial
court's failure to order a PSI before imposing sentence. See Eddie v. State, 100 S.W.3d 437 (Tex.
App.--Texarkana 2003, pet. ref'd); Buchanan v. State, 68 S.W.3d 136 (Tex. App.--Texarkana 
2001, no pet.). It only stands to reason that, if an appellant can waive error by not objecting when
a trial court does not order a PSI, an appellant can also waive error by not objecting to the trial court's
consideration of a PSI report's contents. Here, McRoy did not object, despite being given several
opportunities to raise such a challenge. Accordingly, we conclude McRoy has not preserved this
issue for appellate review. 

 We affirm the trial court's judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 19, 2007

Date Decided: April 12, 2007


Do Not Publish



o acquire or otherwise exercise control over property. Tex.
Pen. Code Ann. § 31.01(4)(B) (Vernon 2003). In the employer-employee context, an
unlawful appropriation occurs when an employee exercises unauthorized control over
property belonging to the employee's employer. See Freeman v. State, 707 S.W.2d 597,
605 (Tex. Crim. App. 1986). Theft does not occur until a fiduciary acts in some way
inconsistent with his or her lawful authority. See id. at 606. But when the employee
decides, for whatever reason, to unlawfully deprive (2) the lawful owner of the property, such
employee acts in an unauthorized capacity. See id. In short, unlawful appropriation occurs
at that moment in time when the employee breaches the trust that employee's employer
placed in her or him. The line between lawful and unlawful activity by an employee,
therefore, is a question of the employee's scope of authority. See id.

 In Texas, the "property" subject to theft can be real property, personal property, or
a "document, including money, that represents or embodies anything of value." Tex. Pen.
Code Ann. § 31.01(5) (Vernon 2003). A check can be considered property under the
Texas Penal Code. See Simmons v. State, No. 1840-02, 2003 Tex. Crim. App. LEXIS 161,
at *6 (July 2, 2003). 

 In this case, the State alleged Mark: 


 on or about August 11, 1999, did then and there unlawfully appropriate, by
acquiring or otherwise exercising control over property, to wit: United States
currency in the form of a check, of the value or [sic] $20,000 or more, but
less than $100,000, with intent to deprive the owner, Sonya Hubbard, of the
property.


 To convict Mark under Section 31.03 as authorized by the indictment, the State
needed to prove Mark intentionally or knowingly took United States currency in the form
of a check belonging to Hubbard, with intent to deprive her of the check. 

 In his first and second points of error, Mark contends the evidence was factually and
legally insufficient to show he actually appropriated property worth $79,218.38. 
Specifically, Mark insists that, because he never controlled $79,218.38 from E-Z Mart's
account, he never actually appropriated the property. In making this argument, Mark points
to the fact that no money was ever transferred from E-Z Mart's account to Desha's Grand
Central Computers account. 

 This argument, however, is without merit. First, the State indicted Mark for the theft
of the check itself, not the funds represented by the check. This is an important distinction. 
Under the indictment, the State was required to prove Mark unlawfully appropriated a
check worth $79,218.38, not to show that the funds represented by the check were ever
actually controlled by Mark.

 The undisputed facts are as follows: First, Mark and Desha took the check and
deposited it into Desha's Grand Central Computers account at Bank One. Hubbard
testified this act was beyond Mark's authority as an employee of E-Z Mart. Moreover, it is
undisputed Hubbard was the owner of the check. Under these facts, there was factually
and legally sufficient evidence showing Mark unlawfully appropriated a check belonging to
Hubbard. 

 The only outstanding issue under Mark's first and second points of error is whether
there was sufficient evidence to show Mark unlawfully appropriated property valued at
more than $20,000.00 and less than $100,000.00. On this issue, the Texas Court of
Criminal Appeals recently held that, in cases involving the theft of checks, the face value
of the check is presumptive evidence of the check's value. See id. at *13. Here, the face
value of the check was $79,218.38. This written value, absent disputed evidence, is
sufficient to show the check was worth $79,218.38. See id. The evidence, therefore, was
factually and legally sufficient to show Mark unlawfully appropriated a check worth
$79,218.38 with the intent to deprive Hubbard of the check. Mark's first and second points
of error are overruled. 

 In his third and fourth points of error, Mark contends the evidence was factually and
legally insufficient to show he intended to steal the entire $79,218.38. Rather, Mark
argues, his intention, if any, was only to deprive Hubbard and E-Z Mart of $13,055.93. In
support of this contention, Mark points to the fact he attempted to write a check for
$66,162.45 for replacement computers.

 This contention also is without merit. As stated above, Mark was indicted for the
theft of a check, not the funds the check represents. Once Mark unlawfully appropriated
the check with the intent to deprive Hubbard of the check, the offense of theft was
complete. Subsequent replacement of all or part of the property or replacing the property
with other similar property does not defeat prosecution for the full value of the original
property. See Menke v. State, 740 S.W.2d 861, 864 (Tex. App.-Houston [14th Dist.] 1987,
pet. ref'd) (citing Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981)). 

 Here, Mark and Desha deposited the check into the Bank One Grand Central
Computers account. At that moment, a rational jury could have found beyond a
reasonable doubt Mark knowingly and unlawfully appropriated the check with the intent to
deprive Hubbard of the entire check valued at $79,218.38. The evidence, therefore, was
factually and legally sufficient to show Mark intended to deprive Hubbard of the full value
of the check. We overrule Mark's third and fourth points of error.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: July 11, 2003

Date Decided: July 17, 2003


Publish

1. Mr. Newman is referred to in the indictment and judgment as "Donald" Newman. 
However, throughout the reporter's record, he is referred to as "Mark"; therefore, in this
opinion, we refer to Mr. Newman as "Mark."
2. 
[2]Unlike the penal codes of many other states and the Model Penal Code, Texas does not
require the intent to "permanently" deprive the owner of the property. The Texas Penal
Code defines deprive as: "to withhold property from the owner permanently or for so
extended a period of time that a major portion of the value or enjoyment of the property is
lost to the owner." Tex. Pen. Code Ann. § 31.01(2)(A) (Vernon 2003).