In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-561 CR


____________________



TRACEY LAVANCE BRANNON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 98270






 MEMORANDUM OPINION


 Tracey Lavance Brannon appeals, complaining that the trial court failed to order a
presentence investigation report ("PSI") and failed to conduct a punishment hearing before
his sentencing. We affirm the trial court's judgment.

Proceedings in the Trial Court

 Brannon originally pled guilty to the offense of felony escape. See Tex. Pen. Code.
Ann. § 38.06 (Vernon Supp. 2007). (1) After admonishing Brannon, the trial court inquired
into the proposed plea bargain agreement, accepted Brannon's plea, and reset his case for
sentencing. On July 9, 2007, the trial court deferred adjudication of Brannon's guilt, placed
him on community supervision for ten years, and assessed a $1,000 fine.

 Subsequently, the State filed a motion to revoke, which it later amended. At the
revocation hearing on October 18, 2007, Brannon entered pleas of "true" to three of the five
allegations concerning his failure to comply with the terms and conditions of his community
supervision. During the revocation hearing, Brannon, Brannon's counsel, the State, and
Brannon's community supervision officer all addressed the trial court. Based on the three
allegations to which Brannon pled "true," the trial court revoked Brannon's community
supervision, adjudicated his guilt, and imposed a sentence of confinement for ten years in the
Texas Department of Criminal Justice-Institutional Division. Brannon did not file a motion
for new trial. 

 Brannon's appeal raises two issues. First, Brannon asserts that the trial court erred
when it proceeded to sentencing without first obtaining a PSI. Second, Brannon contends
that the trial court deprived him of a punishment hearing.

Presentence Investigation Report

 Brannon contends that in felony cases, presentence investigation reports are
mandatory. The Texas Code of Criminal Procedure provides as follows:

 Except as provided by Subsection (g) of this section, before the
imposition of sentence by a judge in a felony case . . . the judge
shall direct a supervision officer to report to the judge in writing
on the circumstances of the offense with which the defendant is
charged, the amount of restitution necessary to adequately
compensate a victim of the offense, the criminal and social
history of the defendant, and any other information relating to
the defendant or the offense requested by the judge. . . .

Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a) (Vernon Supp. 2007). (2) Subsection (g)
provides that 

 [a] judge is not required to direct an officer to prepare a
presentence report in a felony case under this section if: (1)
punishment is to be assessed by a jury; (2) the defendant is
convicted of or enters a plea of guilty or nolo contendere to
capital murder; (3) the only available punishment is
imprisonment; or (4) the judge is informed that a plea bargain
agreement exists, under which the defendant agrees to a
punishment of imprisonment, and the judge intends to follow the
agreement. 

 

Id. art. 42.12 § 9(g) (Vernon Supp. 2007). (3)

 Generally, absent a statutory exception, a trial court must order the preparation of a
PSI in a felony case when the defendant requests one. Tex. Code Crim. Proc. Ann. art.
42.12 § 9(a), (g); see generally Whitelaw v. State, 29 S.W.3d 129, 132-33 (Tex. Crim. App.
2000). However, the State contends the trial court's error for failing to obtain the required
PSI can be waived. Brannon did not object to the trial court's failure to order a PSI prior to
his sentencing or bring it to the trial court's attention by filing a motion for new trial. We
hold that Brannon waived his complaint regarding the trial court's failure to obtain a PSI
before determining his sentence. See Tex. R. App. P. 33.1; Buchanan v. State, 68 S.W.3d
136, 140 (Tex. App.-Texarkana 2001, no pet.); see also Eddie v. State, 100 S.W.3d 437, 445
(Tex. App.-Texarkana 2003, pet. ref'd); Wright v. State, 873 S.W.2d 77, 83 (Tex.
App.-Dallas 1994, pet. ref'd). Accordingly, we overrule Brannon's first issue.

Punishment Hearing Prior to Sentencing

 In Brannon's second issue, he argues that the trial court erred in "proceeding to
sentence without first conducting a punishment hearing." Brannon asserts that the trial court
deprived him of the opportunity to present punishment evidence. The record indicates that
the trial court immediately sentenced Brannon after adjudicating him guilty on the charge of
felony escape.

 The State contends that Brannon failed to preserve this issue for review. The record
reflects that Brannon neither objected during the hearing nor raised the issue in a motion for
new trial. Brannon claims that because the trial court immediately sentenced him after
adjudicating his guilt, he was denied the right to object to the trial court's actions. Brannon
also contends that due process concerns excuse the requirement that he preserve the issue by
filing a motion for new trial.

 Although a defendant adjudicated guilty is entitled to a separate punishment hearing,
"it is a statutory right which can be waived." Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.
Crim. App. 2001) (citing Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)). 
Explaining Issa, the Court of Criminal Appeals stated that Issa was allowed to preserve his
issue for review by filing a motion for new trial, rather than through an objection at the
hearing, when the record reflected that Issa attempted to, but had been prevented from,
placing the evidence in the record during the hearing. (4) See Vidaurri, 49 S.W.3d at 886 & n.5;
see also Pearson v. State, 994 S.W.2d 176, 178-79 (Tex. Crim. App. 1999). At a minimum,
to preserve error, the law required Brannon to bring the issue to the trial court's attention. 
See Issa, 826 S.W.2d at 161; see also Vidaurri, 49 S.W.3d at 885-86 (holding that defendant
failed to preserve error by failing to file a motion for new trial despite defendant's argument
that he did not have to file a motion because a motion for new trial is only required when
necessary to adduce facts not in the record). 

 Brannon did not object at trial or file a motion for new trial. Thus, Brannon failed to
preserve his issue for appellate review. See Tex. R. App. P. 33.1. Accordingly, we overrule
issue two and affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 29, 2008

Opinion Delivered May 28, 2008

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. We cite to the current version of the statute as the additions to this section do not
apply to this appeal and the section pertinent to this case has not materially changed since the
date of Brannon's offense.
2. We cite to the current version of this subsection, as no change has occurred in this
subsection since the date of Brannon's offense. 
3. We cite to the current version of this subsection, as no change has occurred in this
subsection since the date of Brannon's offense.
4. Prior to Issa's adjudication of guilt and sentencing, he requested to re-open and
present testimony and then asked to proffer testimony that would be offered if allowed to
testify, all of which the trial court denied. Issa v. State, 826 S.W.2d 159, 160 (Tex. Crim.
App. 1992). Following these requests, the trial court, in one proclamation, adjudicated Issa's
guilt and then sentenced him. Id. at 160-61. Issa did not object and the trial judge
immediately left the bench without giving him the opportunity to make any objections during
the proceedings. Id. at 160. Thus, the Court determined that because Issa had no opportunity
to object to the trial court's actions or present punishment evidence, Issa had preserved his
error by timely filing a motion for new trial. Id. at 161.