In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00143-CR


______________________________




CHRISTOPHER MANNING, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 09-0022X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Christopher Manning (1) entered a plea of no contest to the charge of debit card abuse, was tried
by the court, convicted, and sentenced to eighteen months' confinement in the state jail division,
Texas Department of Criminal Justice. (2) See Tex. Penal Code Ann. § 32.31 (Vernon Supp. 2009).

 In a companion appeal, cause number 06-09-00141-CR, also before this Court, Manning
appeals his conviction for aggravated assault with a deadly weapon. In that case, Manning was
sentenced to nine years' imprisonment. The sentences are to run concurrently. In cause number 06-09-00141-CR, Manning raises the same issue as he does in this appeal--that the trial court erred in
failing to sua sponte conduct an informal inquiry into his competence at the time it accepted his plea
and at the time of Manning's punishment hearing two months later. 

 Because the issues raised in each appeal are identical, for the reasons stated in our opinion
dated this day in Manning v. State, cause number 06-09-00141-CR, we affirm the judgment of the
trial court.



 Bailey C. Moseley

 Justice


Date Submitted: November 3, 2009

Date Decided: November 12, 2009


Do Not Publish

1. We have before us three companion appeals involving the same appellant. His name is
spelled differently in each indictment and trial court judgment. Therefore, in each opinion, we have
used the spelling used by the trial court in those documents.
2. Manning also entered no contest pleas to two additional indictments alleging aggravated
assault with a deadly weapon and possession of a firearm at a prohibited place. Manning was found
guilty on both charges. Competency issues with respect to these cases are the subject of separate
appeals. 


                                    

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 22,696-A


                                                 


Before Morriss, Carter and Grant,* JJ.
Memorandum Opinion by Justice Grant


________________
*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N

            In September of 1995, Eric Jamal Sheppard pleaded guilty to possession of a controlled
substance, a second-degree felony. The trial court placed Sheppard on deferred adjudication
community supervision for eight years. Seven years and nine months later, in June of 2003, the State
applied to revoke Sheppard's community supervision. In its application, the State alleged Sheppard
failed to pay his fees and failed to report to his community supervision officer as ordered. Sheppard
pleaded true to these allegations, the trial court then found him guilty of possession of a controlled
substance, and sentenced him to six years in the Institutional Division of the Texas Department of
Criminal Justice. On appeal, Sheppard now contends that the administrative nature of his violations
of the terms of community supervision call for a more lenient sentence and that the six-year sentence
is excessive and disproportionate. 
Error Not Preserved
            Sheppard has not preserved his complaint for our review. To preserve a complaint for
appellate review, an appellant must have presented the trial court with a timely request, objection,
or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A). Here,
when the trial court imposed Sheppard's sentence, he failed to object, preserving nothing for our
review. See Hookie v. State, No. 06-03-00129-CR, 2004 Tex. App. LEXIS 3488, at *19 (Tex.
App.—Texarkana Apr. 20, 2004, no pet.); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex.
App.—Texarkana 2002, no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana
1999, no pet.). The record reveals that Sheppard moved for a new trial. That motion, however, does
not specifically raise any complaint regarding the sentence imposed. A general objection preserves
nothing for review and is insufficient to apprise the trial court of the complaint urged. Fierro v.
State, 706 S.W.2d 310, 318 (Tex. Crim. App. 1986); Henderson v. State, 617 S.W.2d 697, 698 (Tex.
Crim. App. [Panel Op.] 1981). Sheppard failed to present the trial court with the contention that the
six-year sentence is punishment disproportionate to the offense committed. Not having done so, he
cannot present the issue to this Court. See Fierro, 706 S.W.2d at 318.
Sentence Not Grossly Disproportional
            Even if Sheppard would have properly preserved error as to this contention, we would
conclude that his sentence was not disproportional or excessive. Traditionally, Texas courts have
held that, so long as the punishment assessed is within the limits prescribed by a valid law, the
punishment is not cruel or unusual within the constitutional prohibition and the sentence is not
excessive. Rodriquez v. State, 509 S.W.2d 625, 627 (Tex. Crim. App. 1974); Buchanan v. State, 68
S.W.3d 136, 141 (Tex. App.—Texarkana 2001, no pet.). However, we have recognized that,
although a sentence may be within the range permitted by statute, it may nevertheless run afoul of
the Eighth Amendment prohibition against cruel and unusual punishment. Jackson, 989 S.W.2d at
845.
            Three considerations guide our analysis under the Eighth Amendment: (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
Solem v. Helm, 463 U.S. 277, 292 (1983). Under this analysis, we initially make a threshold
comparison of the gravity of the offense against the severity of the sentence and then determine 
whether the sentence is grossly disproportionate to the offense. The punishment will be grossly
disproportionate to a crime only when an objective comparison of the gravity of the offense against
the severity of the sentence reveals the sentence to be extreme. McGruder v. Puckett, 954 F.2d 313,
316 (5th Cir. 1992). Only if we find such a gross disproportionality between the offense and the
penalty do we go on to compare the sentence imposed to sentences in this and other jurisdictions. 
Id.; Buchanan, 68 S.W.3d at 141.
            Sheppard was convicted of a second-degree felony, punishable up to twenty years. See Tex.
Pen. Code Ann. § 12.33(a) (Vernon 2003). The record also reveals that Sheppard has a relatively
extensive criminal history due to his involvement with controlled substances.


 Considering that
Sheppard pleaded guilty to a second-degree felony and has a substantial criminal history, we cannot
say that a sentence of six years is a grossly disproportionate punishment for a second-degree felony
after two failed attempts at community supervision and rehabilitation.
            Sheppard contends that the administrative nature of the conditions of the community
supervision which he allegedly violated should dictate a lesser sentence. In other words, since he
only violated the terms of his community supervision by failing to report and failing to pay fees, he
argues that his sentence should not be so severe.
            The trial court sentenced Sheppard to six years' confinement for possession of a controlled
substance, not for failing to regularly pay his fees or report to his officer. These violations of the
terms of his community supervision do nothing to vitiate the severity of the offense to which
Sheppard pleaded guilty in 1995. On the trial court's finding that the State's allegations were true,
Sheppard was subject to the full range of punishment for the offense for which he was placed on
community supervision. A sentence of six years is not a disproportionate sentence for conviction
of a second-degree felony. Having determined that Sheppard's sentence is not disproportionate to
the offense for which he was convicted, we need not address the remaining two considerations under
the Solem analysis. Solem, 493 U.S. at 291.
Conclusion
            Sheppard's sentence of six years' imprisonment does not represent an excessive or
disproportionate punishment and, thus, does not violate his rights under federal and state
constitutions.
            We overrule his sole point of error and affirm the trial court's judgment.
 


                                                                        Ben Z. Grant
                                                                        Justice*

*Justice, Retired, Sitting by Assignment

 
Date Submitted:          June 3, 2004
Date Decided:             July 30, 2004

Do Not Publish