**Affirmed and Memorandum Opinion filed May 24, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00069-CR

_____

**TIMOTHY WAYNE DREW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Court Cause No. 09-07947**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to credit /debit card abuse.   In accordance with the terms of a plea bargain agreement with the State, the trial court deferred adjudicating guilt and placed appellant under community supervision for two years.   Subsequently, the State moved to adjudicate.   Appellant entered a plea of true to two allegations.   The trial court found the allegations true, adjudicated guilt, and sentenced appellant to confinement for two years in the State Jail Division of the Texas Department of Criminal Justice.

In his first issue, appellant claims the sentence of two years was cruel and unusual. Appellant concedes that his sentence was within the applicable statutory range but complains he received the maximum allowed. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App. -- Houston [ 14th Dist.] 2005, pet. ref'd) (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review). The claim presented on appeal was not raised when appellant was sentenced or in a post-verdict motion filed with the trial court. Accordingly, nothing is preserved for our review. *See Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App. -- Dallas 2003, no pet.). Appellant's first issue is overruled.

Appellant's second issue asserts trial counsel was ineffective for failing to object or file a motion challenging the sentence. "Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual." *Buchanan v. State,* 68 S.W.3d 136, 141 (Tex. App. -- Texarkana 2001, no pet.). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Appellant's sentence is within the applicable statutory range. *See* Tex. Pen. Code § 32.31(b)(4) and (d); and Tex. Pen. Code § 12.35(a). Accordingly, trial counsel's failure to object or file a motion challenging appellant's sentence of two years does not constitute deficient representation and appellant has not satisfied the first prong of *Strickland*. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Issue two is overruled.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do not publish - TEX. R. APP. P. 47.2(b).