**Affirmed as Reformed and Memorandum Opinion filed March 28, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00423-CR

---

**JONATHAN IZQUIERDO GONZALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 10-08834**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to engaging in organized criminal activity. The trial court deferred adjudication of guilt, placed appellant under community supervision for eight years, and assessed a fine of $500. Subsequently, the State moved to adjudicate guilt. Appellant entered a plea of "not true" to the first and second allegation, but "true" to the third allegation. The trial court found the first

and third allegations true, adjudicated guilt, and sentenced appellant to confinement for seventy-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. As reformed, we affirm.

In his first three issues, appellant claims the trial court erred in assessing a $500 fine against appellant in the judgment adjudicating guilt because there was no oral pronouncement of the fine. The State concedes the fine was included in the administrative-fee calculation and that no fine was orally pronounced. Appellant's issues are sustained. Because the oral pronouncement controls, the fine must be deleted from the judgment. *See Taylor v. State,* 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Accordingly, we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $781.00.

Appellant's fourth and fifth issues concern the third allegation in the State's motion to adjudicate guilt, that appellant failed to comply with his community service requirements. Issue four claims the trial court abused its discretion in accepting appellant's plea of "true" because it was impossible for appellant to perform the amount of community service hours ordered, making his plea involuntary. Appellant's fifth issue asserts because it was physically impossible to perform the total hours of community service, the evidence was legally insufficient to support his plea of "true."

The record reflects the following exchange occurred.

THE COURT: Count 3 says you failed to provide verification of performing your community service hours. Is that true or not true?
THE DEFENDANT: True.
THE COURT: I'm sorry?
THE DEFENDANT: True.

2

THE COURT: Okay. Have you pled true to Count 3 freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: I can't hear you.

THE DEFENDANT: Sir?

THE COURT: Have you pled true to Count 3 freely and voluntarily?

THE DEFENDANT: Yes, sir.

The only attempt to claim impossibility to perform arose in the following exchange:

[Defense Counsel]: And, also, with regard to your community service, you said you had a lot of personal things that kinda got in your way, and you weren't able to do that community service; is that right?

[Appellant]: Yes, sir.

[Defense Counsel]: Part of that's working those three jobs; is that correct?

[Appellant]: Yes, sir.

The record does not establish the community service ordered was impossible to perform. Moreover, a defendant whose community supervision is revoked may only appeal from the revocation, not the validity or invalidity of the terms and conditions of the order entered months or years before. *See Brooks v. State,* 153 S.W.3d 124 (Tex. App. -- Beaumont 2004, no pet) (citing Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004–2005); *Corley v. State,* 782 S.W.2d 859, 860 (Tex. Crim. App. 1989)). The record reflects appellant entered his plea of true freely and voluntarily. A plea of true to an allegation that the defendant violated a condition of community supervision is, standing alone, sufficient to support the revocation. *See Duncan v. State,* 321 S.W.3d 53, 58 (Tex. App. -- Houston [1st Dist.] 2010, pet. ref'd) (citing *Cole v. State,* 578 S.W.2d 127, 128

(Tex. Crim. App. 1979). Because the trial court did not err in accepting appellant's plea of true, there was sufficient evidence to support revocation. Issues four and five are overruled.

In issues six through eleven, appellant claims the sentence of seventy-five years violates the constitution of both the United States and Texas because (1) of his youth, (2) the deadly weapon finding renders the sentence the equivalent of a life sentence, and (3) the trial court failed to take his youth, diminished culpability, and other mitigating factors into account.[1] The record reflects that after sentence was pronounced counsel stated, "Your Honor, I would object to the sentence based on the fact that it's constitutionally disproportionate, respectfully."

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App. -- Houston [ 14th Dist.] 2005, pet. ref'd) (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review).

---

[1] In his reply brief, appellant claims the sentence violates *Graham v. Florida*, —— U.S. ——, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010) and *Miller v. Alabama,* ——U.S. ——, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). *Miller* extended *Graham,* a non-homicide case, to hold that a sentence of mandatory life without parole for those under the age of eighteen at the time they commit capital murder violates the Eighth Amendment. Because appellant did not commit capital murder and was not sentenced to mandatory life without parole, *Miller* is inapplicable. *Graham* was decided in 2010 and appellant was sentenced in 2012. Accordingly, the "right not recognized" exception to the general rules of error preservation would not apply. *See Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003).

None of the arguments presented on appeal were raised when appellant was sentenced or in a post-verdict motion filed with the trial court. *See Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App. -- Dallas 2003, no pet.) (because appellant failed to object to the sentence as violating his constitutional rights the issue was not preserved for appellate review.) Because the complaints raised in appellant's brief do not comport with the objection made to the trial court, they were not preserved for our review.

To the extent the objection preserved error, it is only as to the sentence being constitutionally disproportionate. We first note appellant's sentence is within the applicable statutory range. *See* Tex. Pen. Code § 32.31(b)(4) and (d); and Tex. Pen. Code § 12.35(a). "Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual." *Buchanan v. State,* 68 S.W.3d 136, 141 (Tex. App. -- Texarkana 2001, no pet.). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The record reflects appellant received deferred adjudication in August 2010 for participating in a drive-by shooting. Less than a year later, according to his voluntary statement given to police, appellant participated in an aggravated robbery of a convenience store. No evidence was presented as to the usual sentence in such a case. Based on the facts before the trial court, we find the sentence was not constitutionally disproportionate. Appellant's issues six through eleven are overruled.

Appellant's final four issues concern the trial court's questioning of appellant about the allegation in the motion to adjudicate guilt that appellant committed the offense of aggravated robbery. Because the trial court's revocation of community supervision is supported by the finding of true on the allegation that appellant failed to comply with his community service requirements, it is

unnecessary to address these issues. *Moore v. State*, 11 S.W.3d 495, 501 (Tex. App. -- Houston [14th Dist.] 2000, no pet.). Appellant's issues twelve through fifteen are overruled.

Having sustained appellant's first three issues, we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $781.00. As reformed, the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do not publish - TEX. R. APP. P. 47.2(b).