**Sergio Picasos SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–05–00067–CR to 12–05–00072–CR.**

Court of Appeals of Texas, Tyler.

April 28, 2006.

Philip N. Smith, Sulphur Springs, for appellant.

Michael J. West, Asst. Dist. Atty., Tyler, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## *MEMORANDUM OPINION*

JAMES T. WORTHEN, Chief Justice.

Sergio Picasos Sanchez appeals the trial court's revocation of his deferred adjudication probation in multiple causes. Appellant raises six issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by six separate indictments with six counts of aggravated sexual assault of a child and nine counts of indecency with a child. Appellant pleaded guilty as charged to three counts of aggravated sexual assault of a child and three counts of indecency with a child. The court deferred finding Appellant guilty and placed him on community supervision for ten years.

On September 16, 2004, the State filed a motion to revoke Appellant's community supervision in each cause. The trial court conducted a hearing on the State's motion on January 6, 2005. Following the presentation of evidence and argument of counsel, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. The court recessed and subsequently proceeded to conduct a trial on punishment. Ultimately, the trial court found Appellant guilty and sentenced Ap-

pellant in each cause as follows: in cause number 0216846, imprisonment for twenty years for aggravated sexual assault of a child; in cause number 0216847, imprisonment for ten years for aggravated sexual assault of a child; in cause number 0216848, imprisonment for twenty years for aggravated sexual assault of a child;[1] in cause number 0317055, imprisonment for twenty years for indecency with a child; in cause number 0317056, imprisonment for twenty years for indecency with a child; and in cause number 0317057, imprisonment for twenty years for indecency with a child. This appeal followed.

### FAILURE TO PRONOUNCE GUILT

In his first issue, Appellant argues both that the trial court lacked jurisdiction to assess punishment and that his statutory due process rights were violated because the trial court did not make an oral pronouncement of guilt before holding a punishment hearing.[2] At the close of the evidence in the adjudication phase of the trial, the trial court stated as follows:

> The Court will find that the Sergio Sanchez that is before the Court today is one and the same person who was legally placed on deferred adjudication community supervision in all six cause numbers on or about the 25th day of June, 2003 for a period of 10 years. The court will find that he has violated his probation in that he violated condition B, condition C, J, N, R, C(c–2) of his probation exactly as it's shown in the Motion to Proceed to Adjudication.
>
> Now, the Court will—having made those findings, having found that he's violated

---

1. The court ordered that Appellant's sentence in cause number 0216848 run consecutively with Appellant's sentence in cause number 0216847.

2. We will assume for the purposes of this opinion that the issue Appellant has raised for the first time on appeal is, as Appellant argues, jurisdictional. However, we do not hold that it is, in fact, a matter of jurisdiction.

his probation in each of these cases, will go into recess so the parties can prepare for a second half of the trial, which would be what would be the proper punishment. . . .

█ As Appellant argues, the trial court did not make a formal pronouncement of guilt before it scheduled a punishment hearing. The trial court did, however, pronounce Appellant guilty in each cause following the punishment hearing and prior to assessing Appellant's punishment. The trial court further entered a written judgment reflecting that it found Appellant guilty and sentenced him.

█ When the trial court conducts a hearing on the adjudication of guilt and then holds the assessment of punishment in abeyance and orders a presentence investigation, the court necessarily implies that it has found the defendant guilty. *See Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim.App.1978). The court of criminal appeals has observed that beyond the pronouncement of sentence, "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex.Crim.App.1990).[3] Further, a written judgment is valid even in the absence of an express oral pronouncement of guilt by the trial court. *Parks v. State*, 960 S.W.2d 234, 238 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (citing *Villela*, 564 S.W.2d at 751).

We considered a similar issue in *Hicks v. State*, Nos. 12–00–00301–CR, 12–00–00302–CR, 2002 WL 1065985, at *1 (Tex. App.-Tyler 2002, no pet.) (not designated for publication). In *Hicks*, the trial court

assessed punishment without formally stating that it found the defendant guilty. *Id.* As here, a written judgment reflected a finding of guilt. Relying on *Villela*, we held that the trial court's oral pronouncement revoking the deferred adjudication necessarily implied a finding of guilt. *Id.*

In the case at hand, the trial court implicitly found Appellant guilty when it found that he violated the conditions of his community supervision and scheduled a punishment hearing in which it accepted a presentence investigation ("PSI") report as an exhibit. Because the trial court implicitly found Appellant guilty before beginning a punishment hearing, the court did not err when it assessed punishment.[4] Appellant's first issue is overruled.

### APPEAL OF TRIAL COURT'S DECISION TO PROCEED TO ADJUDICATION

█ In his second issue, Appellant argues that the trial court erred in ruling that Appellant was the person placed on probation and that he was given a copy of the terms of probation without there being sufficient evidence to support such a ruling. In his third issue, Appellant contends that the trial court erred in admitting incriminating statements in violation of Texas Code of Criminal Procedure, article 38.22 and in violation of certain constitutional rights. In his fourth issue, Appellant argues that the trial court erred in admitting certain incriminating statements obtained in violation of Appellant's constitutional right against self incrimination.

Texas Code of Criminal Procedure Article 42.12, section 5(b) governs the situation

---

3. By contrast, a sentence in a felony case must be pronounced in the defendant's presence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.03(1)(a) (Vernon 2003).

4. Appellant's due process argument presupposes that the trial court did not pronounce his guilt before assessing his punishment. Because we have held to the contrary, we also resolve Appellant's due process claim against him.

at issue. Article 42.12, section 5(b) states as follows:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. **No appeal may be taken from this determination.**

TEX.CODE.CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.2005) (emphasis added).

In *Connolly v. State*, 983 S.W.2d 738 (Tex.Crim.App.1999), the court of criminal appeals reiterated a long line of cases dealing with situations similar to the instant case. *See id.* at 740–41 (citing *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim. App.1992) (explaining that court of criminal appeals had "held from the beginning of deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)")); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992) (on appeal of trial court's decision to revoke probation and adjudicate, even if the appellant's right to counsel had been violated, the appellant could not use direct appeal as the vehicle with which to seek redress); *Wright v. State*, 592 S.W.2d 604, 606 (Tex.Crim.App.1980) (under the terms of the statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge); *Williams v. State*, 592 S.W.2d 931, 932–33 (Tex. Crim.App.1979) (trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable). The court continued:

> In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b), an appellant whose

deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of the statute after all these years, we are confident that our interpretation is correct. *See State v. Hall*, 829 S.W.2d 184, 187 (Tex.Crim.App. 1992) (prolonged legislative silence following judicial interpretation of statute implies approval of interpretation).

*Connolly*, 983 S.W.2d at 741.

In our view, given the factual similarities between *Connolly*, its progeny, and the case at hand, the holdings in *Connolly* and the cases cited therein control the instant case as it relates to the trial court's decision to proceed to adjudication. Considering the plain meaning of article 42.12, section 5(b) and the long line of authority from the court of criminal appeals on the issue, we hold that Appellant cannot raise these issues insofar as they arise out of the trial court's decision to proceed with the adjudication of guilt. Therefore, we lack jurisdiction to consider Appellant's second, third, and fourth issues.

### ADMISSION OF POLYGRAPH EVIDENCE IN PSI REPORT

In his fifth issue, Appellant argues that the trial court erred in admitting Appellant's polygraph test results in the PSI report. The State argues that Appellant has waived the issue.

 Because of its inherent unreliability and tendency to be unduly persuasive, the results of a polygraph examination are not admissible in Texas for any purpose. *See Sparks v. State*, 820 S.W.2d 924, 927 (Tex.App.-Austin 1991, no pet.) (citing *Nethery v. State*, 692 S.W.2d 686,

700 (Tex.Crim.App.1985)). However, failure to object to polygraph evidence waives the error. *See Jasso v. State,* 112 S.W.3d 805, 813 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Banda v. State,* 727 S.W.2d 679, 682 (Tex.App.-Austin 1987, no pet.). In the case at hand, the record reflects that Appellant was provided a copy of the PSI report prior to the hearing. When the State offered the PSI report, Appellant's counsel specifically stated that she had reviewed a copy of the report and had no objection. We hold that Appellant waived the issue raised on appeal by his failure to object at trial. *See* TEX. R.APP. P. 33.1(a). Appellant's fifth issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his sixth issue, Appellant argues that he received ineffective assistance of counsel.[5] Specifically, Appellant argues that his counsel was ineffective in that she (1) did not present any evidence during the punishment phase and (2) did not object to the introduction of the PSI report containing the results of Appellant's polygraph examination.

■ The proper standard by which to gauge the adequacy of representation by counsel is articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim. App.1986). The test set forth in *Strickland* requires a two step analysis:

1. Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2. If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

*See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The test in *Strickland* is properly applied to the punishment phase of a noncapital case as well. *See Hernandez v. State,* 988 S.W.2d 770, 772 (Tex.Crim.App. 1999).

■ In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State,* 973 S.W.2d 954, 955 (Tex. Crim.App.1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State,* 841 S.W.2d 928, 932 (Tex.App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to eval-

5. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and defendant's appeal continue as if the adjudication of guilt had not been deferred. TEX.CODE.CRIM. PROC. ANN. art. 42.12 § 5(b). Thus, we may review the issue of ineffective assistance of counsel as it pertains to matters subsequent to the trial court's decision to proceed with adjudication. To the extent that Appellant argues that he received ineffective assistance of counsel prior to the trial court's decision to proceed with an adjudication, we do not have jurisdiction to consider such an argument. *See Phynes,* 828 S.W.2d at 2.

uate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

After proving error, the appellant must affirmatively prove prejudice. *See Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Id.* It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt. *Id.*

 In the case at hand, Appellant argues that his trial counsel was ineffective in her failure to introduce evidence during the punishment hearing. However, the record is silent as to the reasons Appellant's trial counsel chose the course she did. Thus, we hold that with regard to Appellant's counsel's not presenting evidence during the punishment hearing, Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course she did. *See Jackson*, 973 S.W.2d at 955; *Phetvongkham*, 841 S.W.2d at 932; *see also Beck*, 976 S.W.2d at 266. Absent evidence supporting the underlying rationale for the alleged shortcomings in his counsel's performance, and given the strong presumption that Appellant's counsel was effective, we cannot conclude that Appellant's trial counsel's performance fell below the professional norm in this regard.

 We next consider Appellant's contention that his counsel was ineffective for her failure to object to the PSI report containing the results of Appellant's polygraph examination. Even assuming *arguendo* that Appellant satisfied the first prong of the *Strickland* test, Appellant must still affirmatively prove prejudice. *See Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to merely show that the errors had some conceivable effect on the outcome of the proceedings. *Id.*

With regard to the second prong of the *Strickland* test, Appellant argues as follows:

> Based upon the facts of this case, the failure to object to the State showing the results of Appellant's passed polygraph, whereby he would have confirmed the admission of his violation and bolstered the State's case against him was horribly prejudicial to the Appellant, and ... that would require the reversal of the judgment of the trial court. First, ... the failure to object by Appellant's counsel was not within the range of competence demanded of attorneys in criminal cases, and second, there is a reasonable probability that, but for counsel's errors, Appellant's probation would not have been revoked.

We iterate that the burden of proof as to this issue rests squarely upon Appellant. *See Burruss*, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings would have been different. As the polygraph results per-

tain to punishment, Appellant must demonstrate that his sentence would have been less severe than the five twenty year and one ten year sentences imposed. Since Appellant has made no such argument in the case at hand, he has failed to satisfy the second prong of the *Strickland* test. Appellant's sixth issue is dismissed for want of jurisdiction in part and overruled in part.

### CONCLUSION

We have held that we do not have jurisdiction to consider Appellant's second, third, and fourth issues. We have further held that we lack jurisdiction to consider Appellant's sixth issue, insofar as it relates to the trial court's decision to proceed to adjudication. To such an extent, we *dismiss* Appellant's issue for ***want of jurisdiction***. We have overruled Appellant's first and fifth issues. We have further overruled Appellant's sixth issue to the extent that it relates to matters occurring after the trial court's adjudication of guilt. As such, we ***affirm*** the trial court's judgment in each cause.