

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-09-050-CR**

---

QUIENTON DION ELDRIDGE                                                      APPELLANT
A/K/A QUIENTON ELDERIDE

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Quienton Dion Eldridge a/k/a Quienton Elderide entered an open plea of guilty to one count of aggravated assault causing serious bodily injury, enhanced by a repeat offender allegation to a first degree felony. *See* Tex. Penal Code Ann. §§ 12.42(b), 22.02(a)(1), (b) (Vernon Supp. 2009). He brings two points challenging his conviction and twelve-year sentence. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

In his first point, appellant contends that the trial court erred by failing to order a psychological assessment under article 42.12, section 9(i) of the code of criminal procedure because the presentence investigation report (PSI) admitted into evidence showed that appellant's "grandmother had taken him to a psychiatrist when he was 15 and he attended counseling sessions for a 'length of time.'" Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (Vernon Supp. 2009). According to appellant, that fact, coupled with the facts that his mother took drugs, his father abandoned the family, he suffered abuse from his mother's boyfriends, and he did not have stable housing showed that he must be suffering from a mental impairment.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Here, appellant's attorney stated, "No objection," when the State offered the PSI. The failure to object at trial results in waiver on appeal of any error by the trial court in failing to order a psychological evaluation under article 42.12, section 9(i). *Nguyen v. State*, 222 S.W.3d 537, 541–42 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Accordingly, we hold that

2

appellant failed to preserve this complaint for review. We overrule his first point.

In his second point, appellant claims that the probation officer who prepared the PSI should not have made a recommendation in the PSI that appellant be sentenced to confinement in the penitentiary. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (providing that "[i]t is not necessary that the report contain a sentencing recommendation"). Again, however, appellant failed to complain about this recommendation when the PSI was admitted at trial. Thus, he failed to preserve this complaint for review as well. *See* Tex. R. App. P. 33.1(a)(1); *Sanchez v. State*, 222 S.W.3d 85, 89–90 (Tex. App.—Tyler 2006, no pet.). We overrule his second point.

Having overruled both of appellant's points on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 12, 2009

3