COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-050-CR

 

 

QUIENTON DION ELDRIDGE                                                   APPELLANT

A/K/A QUIENTON ELDERIDE

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Quienton Dion Eldridge a/k/a Quienton
Elderide entered an open plea of guilty to one count
of aggravated assault causing serious bodily injury, enhanced by a repeat
offender allegation to a first degree felony. 
See Tex. Penal Code Ann. ''
12.42(b), 22.02(a)(1), (b) (Vernon Supp. 2009).  He brings two points challenging his
conviction and twelve-year sentence.  We
affirm.








In his
first point, appellant contends that the trial court erred by failing to  order a
psychological assessment under article 42.12, section 9(i)
of the code of criminal procedure because the presentence investigation report
(PSI) admitted into evidence showed that appellant=s Agrandmother
had taken him to a psychiatrist when he was 15 and he attended counseling
sessions for a >length of time.=@  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 9(i) (Vernon Supp. 2009).  According to appellant, that fact, coupled
with the facts that his mother took drugs, his father abandoned the family, he
suffered abuse from his mother=s
boyfriends, and he did not have stable housing showed that he must be suffering
from a mental impairment.








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d
249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  Here,
appellant=s attorney stated, ANo
objection,@ when the State offered the
PSI.  The failure to object at trial
results in waiver on appeal of any error by the trial court in failing to order
a psychological evaluation under article 42.12, section 9(i).  Nguyen v. State, 222 S.W.3d 537, 541B42 (Tex.
App.CHouston
[14th Dist.] 2007, pet. ref=d).  Accordingly, we hold that appellant failed to
preserve this complaint for review.  We
overrule his first point.

In his
second point, appellant claims that the probation officer who prepared the PSI
should not have made a recommendation in the PSI that appellant be sentenced to
confinement in the penitentiary.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(a)
(providing that A[i]t
is not necessary that the report contain a sentencing recommendation@).  Again, however, appellant failed to complain
about this recommendation when the PSI was admitted at trial.  Thus, he failed to preserve this complaint
for review as well.  See Tex. R.
App. P. 33.1(a)(1); Sanchez v. State, 222
S.W.3d 85, 89B90 (Tex. App.CTyler
2006, no pet.).  We overrule his second
point.

Having
overruled both of appellant=s points
on appeal, we affirm the trial court=s
judgment.

PER CURIAM 

 

PANEL:  LIVINGSTON, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 12, 2009











[1]See Tex. R. App. P. 47.4.