In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00172-CR

                                                ______________________________

 

 

                                   ERVIN LEE EMEYABBI,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22727

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In June
2010, the State filed a motion to adjudicate Ervin Lee Emeyabbi guilty of
theft,[1]
alleging Emeyabbi had breached terms of his community supervision by failing to
report in person, on six separate occasions, to the Community Supervision and
Corrections Department of Lamar County.  
The hearing on the motion to proceed with final adjudication took place
September 20, 2010.  After the conclusion
of the evidence, the trial court, though failing to pronounce Emeyabbi guilty
in open court, imposed a sentence of twenty-four months in the Texas Department
of Criminal Justice—State Jail Division. 
There was no separate sentencing hearing.

            The sole
issue raised by Emeyabbi on appeal is whether the trial court, in failing to
expressly adjudicate guilt before sentencing, erred in imposing the
sentence.  Because the trial court
implicitly found Emeyabbi guilty before sentencing, we find no error.

            At the
close of the evidence, the trial court stated:

 

            All
right.  What I’m concerned about is
failure to report.  The Court does find
that the allegations contained in the State’s motion to revoke probation are
true.  As such, the Court does revoke his
probation.

 

            Sir,
I do sentence you to Texas Department of Criminal Justice State Jail Division
for a period of 24 months.

 

            The trial
court entered a written judgment September 21, 2010, reflecting that it found
Emeyabbi guilty and sentenced him.  The
judgment stated, in part:

Accordingly, the Court GRANTS the State’s Motion
to Adjudicate the Defendant’s Guilt in the above cause.  FINDING the defendant committed the offense
on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that
Defendant is GUILTY of the offense. . . . 


 

The Court ORDERS Defendant punished as
indicated above. . . .  

 

The written judgment also imposed the sentence that had been
announced in open court.  

            Emeyabbi
maintains that there was never an adjudication of guilt.  In reliance on Article 42.12, Section 5(b) of
the Texas Code of Criminal Procedure, Emeyabbi claims that, because there was
no adjudication of guilt, the trial court was without authority to impose
sentence.[2]  This provision specifically requires the
adjudication of guilt to take place before sentencing.  Emeyabbi further relies on Issa v. State, 826 S.W.2d 159 (Tex.
Crim. App. 1992), for the proposition that, because a defendant is entitled to
a punishment hearing after the adjudication of guilt, the court must adjudicate
guilt before sentencing.[3]

            The State
maintains, relying on Sanchez v. State,
222 S.W.3d 85 (Tex. App.—Tyler 2006, no pet.), that the trial court’s oral
pronouncement revoking Emeyabbi’s deferred adjudication necessarily implied a
finding of guilt.  In Sanchez, the trial court heard evidence
on the State’s motion to revoke community supervision and adjudicate
guilt.  At the conclusion of the hearing,
the trial court found that Sanchez violated his community supervision.  The trial court did not make a formal
pronouncement of guilt before it scheduled a punishment hearing.  Following the punishment hearing, the trial
court pronounced Sanchez guilty and entered a written judgment reflecting that
it found Sanchez guilty and sentenced him. 
The Tyler Court held that “the trial court implicitly found Appellant
guilty when it found that he violated the conditions of his community
supervision and scheduled a punishment hearing in which it accepted a
presentence investigation (PSI) report as an exhibit.”  Id.
at 88.  Because the implicit finding of
guilt was made before any punishment hearing, the court did not err when it
assessed punishment.  Id.

            The factor
which distinguishes this case from Sanchez
is the absence of a separate punishment hearing.  The trial court revoked community supervision
and immediately sentenced Emeyabbi.  We
find, however, that this distinction is not outcome determinative.  If the trial court had pronounced Emeyabbi
guilty and then proceeded to sentence him, there would be no issue regarding
the trial court’s authority to impose sentence.[4]  When the trial court conducts a hearing on
the adjudication of guilt and then holds the assessment of punishment in
abeyance and orders a PSI, the court necessarily implies that it has found the
defendant guilty.  See Villela v.
State, 564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978).  Beyond the pronouncement of sentence “no
further ritual or special incantation from the bench is necessary to accomplish
an adjudication of guilt.”  Jones v.
State, 795 S.W.2d 199, 201
(Tex. Crim. App. 1990).  Further, a
written judgment is valid even in the absence of an express oral pronouncement
of guilt by the trial court.  Sanchez, 222 S.W.3d at 88; Parks v.
State, 960 S.W.2d 234, 238
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (citing Villela, 564 S.W.2d at 751).

            Here, the
trial court implicitly found Emeyabbi guilty when it found that he violated the
conditions of his community supervision. 
The trial court’s written order adjudicating guilt and sentencing
Emeyabbi comports with his oral pronouncement. 
Because the trial court found Emeyabbi guilty before he was sentenced,
the court did not err when it assessed punishment.

            We affirm
the judgment of the trial court.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
22, 2011

Date Decided:             February
23, 2011

 

Do Not Publish











[1]In
2008, Emeyabbi had pled guilty to the charge of theft, adjudication of his guilt
had been deferred, and he had been sentenced to three years’ community
supervision.  See Tex. Penal Code Ann.
§ 31.03 (Vernon Supp. 2010).





[2]Article
42.12, Section 5(b) of the Texas Code of Criminal Procedure provides, in
pertinent part:

 

On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained. . . . 
The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  This determination is reviewable
in the same manner as a revocation hearing conducted under Section 21 of this
article in a case in which an adjudication of guilt has not been deferred.  After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant’s appeal continue as if the adjudication
of guilt had not been deferred . . . .

 

Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010).

 





[3]Issa held that a defendant adjudicated
guilty is entitled to a separate punishment hearing, but it is a statutory
right that can be waived.  Issa, 826 S.W.2d at 161.  Here, Emeyabbi clearly did not receive a
separate punishment hearing, as required by law.  Emeyabbi fails to raise this issue as a point
of error on appeal.  Even so, because the
right to a separate punishment hearing is subject to waiver, and because the
record does not reflect preservation of error on this issue either at the time
of trial or via a motion for new trial, this issue was waived.  Tex.
R. App. P. 33.1.  The lack of a
punishment hearing is not an issue that can be raised for the first time on
appeal.  Lopez v. State, 96 S.W.2d 406, 414 (Tex. App.—Austin 2002, pet. ref’d);
Christian v. State, 870 S.W.2d 86, 88
(Tex. App.—Dallas 1993, no pet.). Moreover, there is no indication the trial
court ordered a PSI.  Again, this is an
issue Emeyabbi does not raise on appeal. 
Error in failing to order a PSI report is likewise waived if the
defendant fails to object or bring the failure to the trial court’s
attention.  Buchanan v. State, 68 S.W.3d 136, 140 (Tex. App.—Texarkana 2001, no
pet.).

 





[4]As
previously pointed out, Emeyabbi did not object to the trial court’s failure to
conduct a separate punishment hearing either at trial or via a motion for new
trial.