ACCEPTED
12-15-00032-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/20/2015 4:20:40 PM
CATHY LUSK
CLERK

**NO. 12-15-00031 CR**

**NO. 12-15-00032 CR**

**IN THE**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/20/2015 4:20:40 PM
CATHY S. LUSK
Clerk

**TWELFTH COURT OF APPEALS**

**SITTING AT TYLER, TEXAS**

---

**MITZI GAIL ALLGOR,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

Appealed from the County Court at Law of
Nacogdoches County, Texas
Trial Court Nos. CF1302373 and CF1302374

---

## APPELLANT'S BRIEF

---

Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
Email: noelcooper@noelcooper.com
ATTORNEY FOR APPELLANT,
MITZI GAIL ALLGOR

## ORAL ARGUMENT REQUESTED

**MITZI GAIL ALLGOR,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

---

## IDENTITY OF PARTIES & COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
Email: noelcooper@noelcooper.com
ATTORNEY FOR APPELLANT,
MITZI GAIL ALLGOR

Stephanie Stephens
State Bar No. 19160055
NACOGDOCHES COUNTY ATTORNEY
101 W. Main, Suite 233
Nacogdoches, Texas 75961
Telephone: (936) 560-7789
Fax: (936) 560-7809
Email: sstephens@co.nacogdoches.tx.us
ATTORNEY FOR APPELLEE

MITZI GAIL ALLGOR
APPELLANT

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.................................................................. 2

TABLE OF CONTENTS ...................................................................................... 4

INDEX OF AUTHORITIES ................................................................................. 5

STATEMENT OF THE CASE ............................................................................. 7

ISSUES PRESENTED ......................................................................................... 8

STATEMENT OF FACTS.................................................................................... 8

SUMMARY OF THE ARGUMENT.................................................................13

ARGUMENT AND AUTHORITIES.................................................................13

      Issue 1:    Was Appellant's trial counsel ineffective in his
                representation of the Appellant? ....................................13

CONCLUSION................................................................................................... 18

PRAYER ..............................................................................................................19

CERTIFICATE OF COMPLIANCE.................................................................19

CERTIFICATE OF SERVICE..........................................................................20

# INDEX OF AUTHORITIES

**Case Law**

*Bell v. Cone,* 535 U.S. 685, 152 L Ed 2d 914
(2002) ....................................................................................15

*Brooks v. State*, 957 S.W.2d 30
(Tex. Crim. App. 1997) ........................................................17

*Bryant v. State*, 187 S.W.3d 397
(Tex. Crim. App. 1995) ........................................................15

*Hernandez v. State*, 988 S.W.2d 770
(Tex. Crim. App. 1996) ........................................................14

*Hudson v. State*, 145 S.W.3d 323
(Tex. App.—Fort Worth 2004, pet. ref'd) ...........................17

*Sanchez v. State*, 222 S.W.3d 85
(Tex. Crim. App. 2006) ........................................................14

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052
(1984) ............................................................................. 13, 14

*United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657
(1984) ....................................................................................15

*United States v. Williamson*, 53 F.3d 1500
(10th Cir. 1995) ...................................................................15

**Statutes**

TEX. CODE CRIM. PROC.
Article 42.12 .................................................................. 16, 17

TEX. HEALTH & SAFETY CODE
Section 481.121......................................................................7, 16

TEX. PENAL CODE

Section 12.43 ...............................................................................17
Section 38.03 ....................................................................7, 16, 17

**MITZI GAIL ALLGOR,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

## APPELLANT'S BRIEF

COMES NOW, Noel D. Cooper, court-appointed counsel for Appellant, MITZI GAIL ALLGOR, in the above numbered cause, and files this Appellant's Brief and would show this Honorable Court as follows:

## STATEMENT OF THE CASE

*Nature of the Case.* Appellant was charged by information with Resisting Arrest under TEX. PENAL CODE §38.03, a Class A misdemeanor. The case was filed in the Nacogdoches County Court at law under Cause Number CF1302373. Appellant was charged by information in a companion case CF1302374 with Possession of Marijuana of an amount under two ounces under TEX. HEALTH & SAFETY CODE §481.121, a Class B misdemeanor.

*Course of Proceedings.* On October 13, 2014, a jury was selected, and evidence was opened and closed on November 20, 2014. The punishment hearing was held on January 8, 2015.

*Trial Court Disposition.* The jury found Appellant guilty of Resisting Arrest and Possession of Marijuana. The trial court assessed punishment at 240 days and 120 days, respectively, to run concurrently.

**ISSUES PRESENTED**

Issue 1: Was Appellant's trial counsel was ineffective in his representation of the Appellant during the jury trial?

**STATEMENT OF FACTS**

<u>*Jury Selection.*</u>

Appellant's trial counsel made no objections during the voir dire. RRS *passim.*

<u>*Opening Statements*</u>

Appellant's trial counsel did not make any objections to the State's opening statement. RR 1:*passim.* During his opening statement, Appellant's trial counsel was into his fourth sentence, 41 words, when the State's objection to the argumentative nature of the opening was sustained. RR 1:14. After the objection was sustained, Appellant's trial counsel said three more sentences, 17 words, and ceased. RR 1:15.

<u>*Brett Ayers*</u>

The state's first witness was Brett Ayers, a police officer for the City of Nacogdoches. RR 1:15. Officers with the Nacogdoches Police Department

are allowed to work extra duty jobs and wear their uniform. RR 1:18. On October 8, 2013, Officer Ayers was working as a security guard at Eastwood Terrace Apartments in the City of Nacogdoches. RR 1:19-20. Mr. Ayers identified Ms. Allgor. RR 1:20-21. Mr. Ayers noticed a vehicle operating at a high rate of speed. RR 1:21. He pursued it in his private vehicle, and while doing so observed the other vehicle drive through parking spaces to avoid speed bumps. RR 1:22-23. When the vehicle stopped he pulled in behind and determined that it was operated by Ms. Allgor. RR 1:23.

There was one other person with Ms. Allgor who he allowed to go, but he said Ms. Allgor was not free to go. RR 1:24. While talking to Ms. Allgor, she became very excited. RR 1:25. She told Mr. Ayers that she believed she had a warrant for her arrest. RR 1:26. Ms. Allgor began yelling at a female person to come and get her purse. RR 1:27. Mr. Ayers told her that the other person could not come and get her purse. RR 1:27. After the other person who was identified as Ms. Allgor's teenage daughter complied with Mr. Ayers, Ms. Allgor began dropping the contents of her purse on the floorboard of her vehicle and began reaching down to the contents. RR 1:27-28. Mr. Ayers told her to show her hands, but she pressed something against her leg. RR 1:29. He told her to show what was in her hands and she wouldn't comply. RR 1:30. Ms. Allgor took her left hand and tried to roll up

the car window, and Mr. Ayers stopped her. RR 1:31. Ms. Ayers then threw the object in her right hand out the passenger window. RR 1:31. Mr. Ayers illuminated the ground with his flashlight and observed a clear plastic bag that contained what he thought was marijuana. RR 1:31-32.

Ms. Allgor began to "struggle" to stay in the vehicle. RR 1:32. While trying to get her out, she threw out her purse, too. RR 1:32. Mr. Ayers grabbed her left arm to try to pull her out, and she starting twisting and turning, and she kicked him in his legs. RR 1:33. Mr. Ayers was able to cuff Ms. Allgor's hands behind her back while she was standing. RR 1:34. During this time, Ms. Allgor was calling on the young man and woman on the passenger's side of her vehicle to "get it." RR 1:35. Mr. Ayers pulled Ms. Allgor around to the passenger side of her vehicle and discovered two baggies. RR 1:36-37. Ms. Allgor then put her foot on one of the baggies and started grinding it into the ground, destroying one of the two baggies. RR 1:37-38. After putting Ms. Allgor on the ground, he was required to threaten the young male with pepper spray to back off. RR 1:38-39.

After Ms. Ayers's backup arrived, he searched Ms. Allgor's vehicle and discovered a cigar filled with a green leafy substance which he believed to be marijuana in the closed, front middle console. RR 1:40-41. Inside State's Exhibit 2 was a green leafy substance that he believed was marijuana. RR

1:42. State's Exhibit 3 appeared to be a hand rolled cigarette or cigar. RR 1:44. Mr. Ayers testified that both State's Exhibits 2 and 3 were a usable quantity of marijuana. RR 1:45.

Mr. Ayers testified that Eastwood Terrace was in the City of Nacogdoches. RR 1:72.

### Christy Bruton

The state's next witness was Christy Bruton, an officer with the Nacogdoches Police Department who handles evidence. RR 1:62. Misdemeanor amounts of marijuana are not sent to the DPS crime lab for analysis but instead stored in the evidence drug room. RR 1:63-64. State's Exhibits 1, 2, and 3 were logged in and stored by Ms. Bruton. RR 1:64. Once this matter was set for trial, Ms. Bruton transported State's Exhibits 1, 2, and 3 to the DPS crime lab in Tyler. RR 1:64-65.

### Caroline Allen

Caroline Allen was a forensic scientist employed by the DPS crime lab in Tyler, Texas. RR 1:66. She testified as to the chain of custody of Exhibits 1, 2, and 3. RR 1:66-68. Exhibit 2 weighed 8.2 grams. RR 1:69. After weighing Exhibit 2, she confirmed that it contained marijuana. RR 1:70. Exhibit 3 contained 1.28 grams of marijuana. RR 1:70.

### Mitzi Gail Allgor

During the punishment hearing, Ms. Allgor took the stand. RR 2:8. She testified that she was living with her three children and a grandchild. RR 2:8. She testified that her two oldest children have schizophrenia and a heart condition, respectively. RR 2:8-9. Ms. Allgor was responsible for the wellbeing of four minor children. RR 2:11. There were no other adults who could help her take care of her children. RR 2:12. Ms. Allgor testified that she had been to prison and had some misdemeanor trouble, but she had mostly stayed out of trouble. RR 2:13-14. Ms. Allgor's son with schizophrenia required constant watching. RR 2:16.

On cross examination, Ms. Allgor conceded that she had been arrested and convicted on several occasions between 1993 and 2014. RR 2:17-22. She would not concede that she was guilty of the offenses in this appeal. RR 2:22-23. Ms. Allgor said that she was sorry. RR 2:26.

*Closing Argument*

During his closing argument, Ms. Allgor's trial counsel, Lee Westmoreland, told that trial court that punishment was warranted , and he requested that she be sentenced to 30 days in jail. RR 2:28. During a discussion with the trial court judge, the following exchange took place:

> THE COURT: . . .All right. Your client, based on the argument is to go to jail today, is that what you're saying?
>
> MR. WESTMORELAND: Obviously.

THE COURT: You say go to jail for 30 days and she is saying 300 days, or whatever. Doesn't matter how long, she is going to jail.

MR. WESTMORELAND: ***She is not eligible for probation***.

RR 2:32 (emphasis added).

After a recess, the trial court came back on the record for his ruling and stated on the record that "the law doesn't allow you any probation. And I believe resisting arrest with priors is a minimum of 90 days. It can't be 30 days." RR 2:34. There was no objection by Mr. Westmoreland to the trial court's comments on the law. RR 2:34.

## SUMMARY OF THE ARGUMENT

Appellant's sole issue is that Appellant's trial counsel was ineffective. Assuming that trial counsel's failure to contest the State's case in chief during the guilt/innocence stage of the trial, Appellant's trial counsel was ineffective by not understanding the law, making an erroneous judicial admission, and failing to correct errors of the trial court regarding Appellant's probation eligibility.

## ARGUMENT AND AUTHORITIES

### *Issue 1: Appellant's trial counsel was ineffective in his representation of the Appellant during the jury trial.*

Argument & Authorities

The adequacy of counsel's representation is evaluated using the two-part standard articulated by *Strickland v. Washington, 466 U.S. 668, 694,*

104 S.Ct. 2052, 2068 (1984) and adopted by *Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1996)*. *Sanchez v. State, 222 S.W.3d 85, 90 (Tex. Crim. App. 2006)*. The test is: 1) whether the attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, and 2) whether there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings could have been different. *Id.* Reasonable probability is a probability sufficient to undermine confidence in the outcome. *Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)*.

The reviewing court begins with the presumption that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Sanchez, 222 S.W.3d at 90*. The party challenging counsel's effectiveness has the burden to rebut the presumption by presenting evidence. *Id.* at 90.

### *Appellant's trial counsel was ineffective.*

In the present case, the record shows that trial counsel's performance affected the outcome of the case as required by the *Strickland* test. *See Strickland v. Washington, 466 U.S. 668, 694-95, 104 S.Ct. 2052, 2068 (1984)*. *Strickland* requires that, to show ineffective assistance of counsel, an appellant must prove that his attorney's representation fell below an

objective standard of reasonableness under the prevailing professional norms and that there is a reasonable probability that, but for those unprofessional errors, the result of the proceeding would have been different. *Id.* at 694-95.

The United States Supreme Court recognized a limited exception to *Strickland*, holding that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *United States v. Cronic*, 466 U.S. 648, 658-59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). For *Cronic* to apply, however, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone*, 535 U.S. 685, 696-97, 152 L Ed 2d 914 (2002). Courts have sometimes found this complete failure where counsel abandons his client in closing argument by conceding his guilt. *See United States v. Williamson, 53 F.3d 1500, 1511 (10th Cir. 1995)* (collecting cases in which closing statements admitting guilt on the only disputed fact issues was *Cronic* error).

"A defendant in a criminal case may stipulate to evidence against him. If the defendant elects to do this, his stipulation is a kind of judicial admission." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 1995).

"Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (citing 2 JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 255 (5th ed.1999)).

> An express waiver, made in court or prepatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it. This is what is commonly termed a solemn — i.e., ceremonial or formal — or judicial admission, or stipulation. It is, in truth, a substitute for evidence, in that it does away with the need for evidence.

*Id.* (citing 9 WIGMORE ON EVIDENCE § 2591 (3d ed.1940) (emphasis deleted)).

Irrespective of trial counsel's performance or lack thereof during the guilt-innocence stage of the trial, it was during the punishment hearing that the ineffectiveness became readily apparent. As discussed above, Ms. Allgor's trial counsel told the trial court that she was *not* eligible for probation from the judge. RR 2:32. This is a complete misstatement of the law. Resisting Arrest is a Class A misdemeanor. TEX. PENAL CODE §38.03(c). Possession of Marijuana in an amount of two ounces or less is a Class B misdemeanor. TEX. HEALTH & SAFETY CODE § 481.121(b)(1). Neither offense is a "3g" offense. *See* TEX. CODE CRIM. PROC. art. 42.12 §3g. Accordingly, Ms.

Allgor was eligible for probation from the trial court. *See* TEX. CODE CRIM. PROC. art. 42.12 §3(a). However, the trial court took Mr. Westmoreland and his word and told Ms. Allgor that she was not eligible for probation. RR 2:34.

Further, the trial court misstated the law with regard to the minimum sentence for resisting arrest. Specifically, the trial court stated, "I believe resisting arrest with priors is a minimum of 90 days. It can't be 30 days." RR 2:34. This is a misstatement of law. Nowhere in the statute dealing with Resisting Arrest does it state that the minimum confinement for a subsequent offense is 90 days in jail. TEX. PENAL CODE §38.03 *passim*. The likely basis of this assertion is that, under certain circumstances, the minimum confinement for a Class A misdemeanor can be increased to 90 days. TEX. PENAL CODE §12.43(a)(2). However, that minimum confinement is not the only allowable punishment. TEX. PENAL CODE §12.43(a)(1),(3). More importantly, the State did not provide Ms. Allgor or her trial counsel with any notice that it was seeking to enhance the punishment under Section 12.43. CR *passim*. Because she was not provided with any notice that the State sought to enhance her punishment as to either charge, her prior convictions did not operate to change the minimum punishments. *See Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997); Hudson v.*

*State*, 145 S.W.3d 323, 326 (Tex. App.—Fort Worth 2004, pet. ref'd)(holding that notice given to defendant before punishment hearing but *after* commencement of guilt-innocence was untimely). Ms. Allgor's trial counsel made no objections to the trial court's statements about the minimum confinements or probation eligibility when it could have changed the outcome. RR 2:*passim*.

## CONCLUSION

By telling the trial court that Ms. Allgor was not eligible for probation, he effectively took that issue out of contention, and failed to subject the State's case to adversarial testing. Ms. Allgor was already on probation in another case. RR 2:31. Further, there was discussion back and forth regarding what types of conditions could be placed on Ms. Allgor should she receive probation on this matter. RR 2:31. However, based on Mr. Westmoreland's statements, the trial court told Ms. Allgor that she could only go to jail. RR 2:32. It was clear from Ms. Allgor's testimony that she wanted probation, and it is inconceivable that a misstatement of law would be trial strategy. As such, Ms. Allgor was undoubtedly harmed, and the performance of her trial counsel unfortunately had a profound effect upon the outcome of the case.

## PRAYER

Appellant prays that the Court reverse the judgment of the trial court convicting her of Resisting Arrest and Possession of Marijuana and remand this matter to trial court for a new trial. In the alternative, Appellant prays that the Court reverse the judgment of the trial court and remand this matter to the trial court for a new trial on punishment. Appellant prays for any further relief to which she is entitled.

Respectfully submitted,

/s/Noel D. Cooper
Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
Email: noelcooper@noelcooper.com
ATTORNEY FOR APPELLANT,
MITZI GAIL ALLGOR

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this document is computer generated and contains 2,463 words based on a computer word count.

/s/Noel D. Cooper
NOEL D. COOPER

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of this Appellant's Brief to each attorney of record or party in accordance with the Texas Rules of Appellate Procedure on May 20, 2015, at the addresses and manners below.

Stephanie Stephens
State Bar No. 19160055
NACOGDOCHES COUNTY ATTORNEY
101 W. Main, Suite 233
Nacogdoches, Texas 75961
Telephone: (936) 560-7789
Fax: (936) 560-7809
Email: sstephens@co.nacogdoches.tx.us
**Via Electronic Filing Manager**

/s/Noel D. Cooper
Noel D. Cooper
Attorney for Appellant