**Opinion filed February 21, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00215-CR

_____

## WILLIAM TRENT WHITMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Stonewall County, Texas**
**Trial Court Cause No. 2005**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain agreement, Appellant William Trent Whitman pleaded guilty to the offense of possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26(a), (d) (West Supp. 2024). The trial court accepted Appellant's plea and, in accordance with the agreement, placed him on community supervision for a period of eight years. Three months later, the State filed a motion to revoke Appellant's community supervision. Following a hearing

on the State's motion, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and sentenced him to eight years' imprisonment. *See id.* § 12.34(a) (West 2019). In one issue, Appellant argues that the evidence was insufficient to support the revocation. We affirm.

*Factual and Procedural History*

In its motion to revoke Appellant's community supervision, the State alleged that Appellant had violated two conditions of his probation, namely: (1) that Appellant failed to perform 300 hours of community service at a rate of no less than twenty hours per month in April and May 2023, or alternatively, to make a donation to the Stonewall County Food Bank; and (2) that Appellant failed to participate in a sex offender treatment program with a licensed sex offender therapist.

At the hearing on the State's motion, Appellant pleaded "not true" to the allegations, and the trial court heard testimony from three witnesses: Alicia Langford, a former community supervision officer; Deborah Larue, Appellant's mother; and Appellant.

Langford testified that she reviewed Appellant's probation conditions with him, and that Appellant was aware of those conditions and what was required of him. Shortly after the trial court placed Appellant on community supervision, Appellant requested that he be allowed to live with his mother and grandmother in Taylor County, so Appellant's community supervision was transferred to Taylor County. Langford explained that the transferor office receives progress reports from the transferee office throughout the probationer's term. According to Langford, from the time Appellant was placed on community supervision on March 28, 2023, to when the motion to revoke was filed on June 27, 2023, Appellant had failed to complete any community service hours or, in the alternative, make the required donation. Langford testified that, during that same time period, a required polygraph examination was administered as part of Appellant's sex offender treatment

2

program.  After this examination, Appellant was unsuccessfully discharged from the program for "failing his . . . polygraph."

Appellant reportedly answered the following questions "with deception":

Q.  Did you download the child pornography images on that laptop?

A.  No.

Q.  Did you cause the child pornography to be on your laptop?

A.  No.

Q.  Did you know there was child pornography images on your laptop before the police were involved?

A.  No.

Langford noted that in contravention of Appellant's polygraph examination responses, Appellant signed a stipulation of the evidence as part of his plea bargain agreement, admitting that he possessed child pornography.

Appellant maintained throughout the revocation hearing, however, that he had answered the questions truthfully during the polygraph examination and attributed any finding of "deception" to his early onset Parkinson's diagnosis and high blood pressure[1]—conditions he made known to the polygraph administrator.  When asked how he would answer if given an opportunity to answer the same questions again, Appellant stated he would answer them "the same as [he] did before . . . because that's what happened."  Appellant denied ever seeing the child pornography found on his laptop and testified that he did not have any knowledge of how those images got there.  Langford testified that participants in the sex offender treatment program must take responsibility for their actions and "acknowledge that [they] did them."  Appellant acknowledged that, to successfully complete the program, it would "be incumbent upon [him] to accept responsibility for this conviction."

---

[1]Appellant's mother also testified to Appellant's medical conditions.

Regarding his community service hours, Appellant contended that it was "hard for sex offenders to do community service" and that it was difficult for him to find places that would allow him to do community service. Appellant did not testify as to any community service opportunity that he actually applied for and for which he was turned down. A receipt indicating that Appellant had made a payment of $300 to the food bank on July 6 after the motion for revocation had been filed, in lieu of performing community service, was admitted into evidence.[2]

*Standard of Review and Applicable Law*

An order revoking community supervision must be supported by a preponderance of the evidence, meaning the "greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). Proof of the violation of a single condition of community supervision is sufficient to support a trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Zapata v. State*, No. 11-22-00346-CR, 2024 WL 5160466, at *5 (Tex. App.—Eastland Dec. 19, 2024, no pet. h.) (mem. op., not designated for publication).

We review a trial court's decision to revoke community supervision under an abuse-of-discretion standard. *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 763). "[T]he trial judge is the sole judge of the credibility of witnesses and the weight to be given their testimony." *Id.* We view the evidence adduced in a revocation proceeding in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

---

[2]The trial court's order required Appellant to donate $1,500 to the local food bank if he wished to make a donation, rather than perform his community service hours.

*Analysis*

On appeal, Appellant argues that the evidence is insufficient to support the trial court's findings on each of the State's allegations. Appellant contends that, because his "community service was up to date,"[3] there was "nothing more than the failure of the . . . polygraph against Appellant" to revoke his community supervision. Embedded in his sufficiency argument, however, is a challenge to the trial court's consideration of the polygraph examination as its "basis of revocation." Citing to *Leonard v. State*, which reiterated that the results of a polygraph examination are "inadmissible over proper objections because the tests are unreliable," Appellant asserts that, as a result, there was "no basis" for the trial court to revoke Appellant's community supervision, and the trial court abused its discretion in doing so. *See Leonard v. State*, 385 S.W.3d 570, 578 (Tex. Crim. App. 2012).

As an initial matter, we disagree with Appellant's contention that the polygraph examination results were inadmissible pursuant to *Leonard* because, in this case, Appellant failed to object to the polygraph evidence. "Polygraph evidence is generally excluded from courtrooms because the reliability of such tests remains unproven." *Ex parte Bryant*, 448 S.W.3d 29, 40 (Tex. Crim. App. 2014) (citing *Leonard*, 385 S.W.3d at 577–81, 583). However, the "failure to object to polygraph evidence waives the error." *See Sanchez v. State*, 222 S.W.3d 85, 90 (Tex. App.—Tyler 2006, no pet.); *Jasso v. State*, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (concluding appellant waived challenge to polygraph examination testimony by failing to make timely objection); *see also Willis v. State*, No. 05-13-00530-CR, 2014 WL 5475490, at *2 (Tex. App.—Dallas Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (same); *Pereida v. State*, No. 13-

---

[3]Appellant does not expound on his claim that his "community service was up to date." He is presumably referencing the $300 payment made in lieu of performing monthly community supervision hours.

09-354-CR, 2010 WL 2783743, at *6 (Tex. App.—Corpus Christi–Edinburg July 15, 2010, pet. ref'd) (mem. op., not designated for publication) (same); *Whitton v. State*, No. 14-08-00611-CR, 2010 WL 307911, at *3 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, no pet.) (mem. op., not designated for publication) (same).

In *Leonard*, the State sought to revoke the appellant's probation, alleging the appellant had been unsuccessfully discharged from his sex offender treatment program after failing a polygraph examination. 385 S.W.3d at 576–77. The court concluded that the results of a polygraph examination were "inadmissible over proper objection because the tests are unreliable," and held that the trial court abused its discretion by adjudicating the appellant guilty based on this evidence. *Id.* at 577, 583. Here, unlike in *Leonard*, Appellant asserted no objection to any testimony concerning the polygraph examination, and when Appellant testified, he was questioned at length by his trial counsel about the veracity of his responses to the polygraph examination questions. Because Appellant did not object at any point to the admissibility of the testimony on the polygraph examination, Appellant cannot now argue that the trial court abused its discretion by adjudicating him based, in part, on this evidence. *See Sanchez*, 222 S.W.3d at 90; *cf. Leonard*, 385 S.W.3d at 577.

Having concluded that it was proper for the trial court to consider the polygraph evidence in adjudicating Appellant, we analyze the sufficiency of the evidence in support of one of the allegations that the trial court found to be true. *See Garcia*, 387 S.W.3d at 26. To be clear, the State alleged that Appellant violated the condition of his community supervision that required him (1) "to attend and participate in a sex offender treatment program with a licensed Sex Offender Therapist as directed by the [probation] officer," and (2) to "keep all appointments, follow all rules and regulations, and participate in [the] program" until he was released by the trial court. In support of this allegation, Langford testified that

6

Appellant was ordered to participate in the sex offender treatment program as an alternative to incarceration, and she made Appellant aware of this condition. Langford further explained that Appellant's participation in the sex offender treatment program was predicated on passing a polygraph examination, which Appellant failed because his responses were deemed "deceptive." Appellant's answers were determined to be deceptive because they ran contrary to his prior guilty plea and signed stipulation of the evidence in support of his possession-of-child-pornography conviction.

Appellant agreed that taking responsibility for one's actions is an essential part of a sex offender treatment program and that the purpose of the polygraph was to determine whether he could, in fact, accept responsibility. Appellant nonetheless maintained that he had responded truthfully when he denied committing the underlying offense. Appellant further attributed any "deceptive" finding to his medical history and the testing conditions. Irrespective of Appellant's insistence that (1) he did not commit the underlying offense and (2) consequently, he did not lie on the polygraph examination when asked about whether he had downloaded child pornography or knew that there was child pornography on his laptop, the trial court, in assessing Appellant's credibility, could have reasonably inferred that Appellant's responses were untruthful and belied Appellant's prior guilty plea. *See Hacker*, 389 S.W.3d at 865; *Barton v. State*, No. 06-23-00006-CR, 2023 WL 3491767, at *3 (Tex. App.—Texarkana May 17, 2023, no pet.) (mem. op., not designated for publication) (concluding that the trial court could weigh discrepancies between an appellant's statements during a post-polygraph interview to determine whether the appellant gave deceptive responses in the polygraph examination). Thus, the evidence is sufficient to show that Appellant did not follow all rules and regulations and participate in the sex offender treatment program as ordered, and thereby violated a condition of his community supervision. *See Hacker*, 389 S.W.3d

at 865; *see also Zapata*, 2024 WL 5160466, at *7 (holding that failure to complete the sex offender treatment program as ordered is sufficient to support the revocation of community supervision); *Carroll v. State*, No. 11-10-00326-CR, 2011 WL 4136539, at *2 (Tex. App.—Eastland Sept. 15, 2011, no pet.) (mem. op., not designated for publication) (same).

Because the evidence was sufficient to support a reasonable belief that Appellant violated at least one of the conditions of his community supervision, the trial court did not abuse its discretion by revoking Appellant's community supervision. *See Garcia*, 387 S.W.3d at 26. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


February 21, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

8